CASE 65—ACTION BY STEWART AGAINST ROSE, PRAYING THAT PLAIN-
TIFF BE ADJUDGED DULY ELECTED POLICE JUDGE OF THE TOWN
OF JELLICO.—MAY 27.

# Stewart v. Rose.

APPEAL FROM WHITLEY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

ELECTIONS—CONTEST—MANNER OF TAKING APPEAL—JURISDICTION OF
CIRCUIT COURT—REPEAL OF STATUTE.

Held:    1. Under Acts 1900, p. 39, regulating the contest of elections,
and providing that "either party may appeal from the judg-
ment of the circuit court to the court of appeals by giving bond
to the clerk of the circuit court . . . and by filing the
record in the clerk's office of the court of appeals within thirty
days after final judgment in the circuit court," the execution
of bond before the clerk of the circuit court within thirty
days after judgment in that court, and the filing of transcript
in the clerk's office of the court of appeals within that time,
was sufficient to perfect the appeal.
2. Kentucky Statutes, section 3670, providing that "contested elec-
tions in all towns for municipal offices shall be decided as
may be provided by ordinance," and an ordinance providing
that all contests for election of town officers shall be decided
by the county board of contests, were repealed by the act
of 1900 abolishing the county boards of contests, and conferring
upon the circuit court jurisdiction to try election contests.

K. D. PERKINS, ATTORNEY FOR APPELLANT.

Appellant, Bond Stewart, filed a petition in the Whitley
circuit court contesting the election of R. S. Rose for the
office of police judge of the town of Jellico; said court de-
cided that it had no jurisdiction of the action and the only
question is whether or not the lower court has jurisdiction
of the action. Our contention is that by virtue of an act which
became a law on October 2, 1900, entitled an Act to amend
an act entitled "an Act to further regulate elections," cre-
ated a county board of election commissioners, prescribed its
duties, and further provided, that in contesting for any of-
fice elected by the voters of the county or any district there-

Stewart v. Rose.

in, the contest should be made by the filing of a petition in the circuit court of the county where the contestee resided.

Since the passage of said act, Whitley county has no con-- testing board, and therefore, the pretended ordinance of said town of Jellico providing for the trial of contests by the Whitley county contesting board is now of no effect.

LESTER & KING and TYE & DENHAM, attorneys for appellee.

On December 6, 1897, the board of trustees of the town of Jellico passed an ordinance providing that all contests for offices of said town shall be decided by the Whitley county board of contest.

We contend that said board of trustees had authority to pass such an ordinance under section 3670, Kentucky Statutes, and even if said board had not passed the ordinance, still the circuit court would have had no jurisdiction over a contest for the office of police judge. Sec. 3670, Kentucky Statutes, sec. 12, Act Oct. 24, 1900; Stine v. Berry, 96 Ky., 66; Puckett v. Snyder, 22 R., 1719.

Opinion of the court by CHIEF JUSTICE GUFFY—Reversing.

The appellant and appellee were opposing candidates for the office of police judge in the town of Jellico, Whitley county, Ky., at the November election, 1901. It is alleged in the petition that when the polls were closed the election officers issued certificates certifying to the appellant and appellee that both had received an equal number of votes, to wit, 41 each; that at the election there was one ballot which was cast for appellant, and which said officers failed to count by reason of some doubt in their minds, which ballot was placed in the large envelope furnished by the county clerk, sealed, and returned as required by law; that when the county canvassers met to canvass the returns, they found in said envelope, with said ballot aforesaid, another ballot, which was blank, and which had been canvassed for no one; that said board counted said ballot hereinbefore alleged to have been voted for plaintiff for him, and counted the blank ballot for defendant, and decided that both had received an equal number of votes,

and in some manner, by lot or otherwise, determined that defendant was entitled to, and issued to him, a certificate of election. It is further averred that plaintiff was duly elected to said office, alleging facts showing the same, and he prayed that he be adjudged the duly elected police judge of the town aforesaid. After the case was prepared for trial, the court dismissed plaintiff's petition; hence this appeal.

It will be seen from the judgment of the court below that it was of opinion that it had no jurisdiction of the subject-matter, and for that reason dismissed the petition. The appellee has moved this court to dismiss the appellant's appeal for the reason that no bond was executed as required by law, and the case has been submitted upon that motion and in chief. It is the contention of appellee that the execution of the appeal bond prescribed by law is a condition precedent to the right of appeal; or, in other words, that no appeal can be prosecuted from a judgment of the circuit court in a case like this without executing the bond within the time prescribed by law. Acts of the Legislature passed in 1900, commencing on page 39, after providing for contested elections, which seems to include and provide for the contest under consideration, reads as follows: "Within twenty days after the service of summons upon him the contestee shall file his answer, which may consist of a denial of the averments of the petition and may also set up grounds of contest against the contestant, and if grounds are so set up, they shall be specially pointed out, and none other shall thereafterward be relied upon by said party. A reply may be filed within ten days after the answer or answers are filed, but its affirmative allegation shall be treated as controverted and no subsequent pleading allowed, and the action shall proceed

as an equity action. The evidence in chief for the contestant shall be completed within thirty days after the issues are made up and the evidence of the contestee completed within twenty days thereafter, and the evidence for contestant, in rebuttal in fifteen days after the contestee has concluded. The action shall have precedence on the trial docket over all other cases. All ballots, poll books, stubs or other papers concerning which there is any ground for contest may be removed to the court in which the action is pending. Either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the court of appeals, within thirty days after final judgment in the circuit court. And in the court of appeals the case shall be heard and determined as speedily as possible and shall have precedence over all other cases." It will be seen from the foregoing that either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good security, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the court of appeals within 30 days after final judgment in the circuit court; and in the court of appeals the case shall be heard and determined as speedily as possible, and shall have precedence over all other cases. It appears from the record in this case that the judgment appealed from was rendered on the 5th day of February, 1902, and this transcript was filed the 4th day of March, 1902. It further appears from this record that the appellant executed before the clerk

of the circuit court of Whitley county an appeal bond on the 26th day of February, 1902, and filed the transcript, as before stated, on the 4th day of March, 1902, which was also within 30 days from the rendition of the judgment. It results therefore, that the motion to dismiss must be, and the same is, overruled.

It appears that the defendant demurred specially to plaintiff's petition, because the court had no jurisdiction of the subject-matter, which demurrer was filed the 20th day of November, 1901. The petition was filed November 13, 1901. The answer of the defendant may be treated as a traverse of the averments of the petition, as well as stating other matters of defense.

Defendant also relied upon the fact that on the 6th day of December, 1897, the board of trustees of said town at a regular meeting passed an ordinance providing that all contests for offices of said town should be decided by the Whitley county board of contest, which ordinance has never been repealed, and which is as follows: "The board of trustees of the town of Jellico do ordain as follows: That all contests for election of town officers for the town of Jellico shall be decided by the Whitley county board of contests, who shall be governed in all respects by the same rules governing in the control of contests for an office." It is insisted for appellee that the board of trustees was, by section 3670, Kentucky Statutes, authorized to enact the ordinance in question. It is true that the latter part of said section uses these words: "And contested elections in all towns for municipal offices shall be decided as may be provided by ordinance." It is the contention of appellee that the statute in question is still in force, and that the ordinance enacted in 1897 is still in force; hence the circuit court has no jurisdiction of this

suit. We can not concur in this contention.. The act of 1900 repealed the county contest board, and, we think, by construction, repealed the statute above quoted. Beyond all question, the county boards of contest have been abolished by the act of the Legislature of 1900 heretofore referred to, and also the boards held' to be without any authority to try contested elections. We are of opinion that the circuit court had jurisdiction to hear and determine this contest.

It results from the foregoing that the court erred in sustaining the demurrer to the petition and dismissing same. Judgment is therefore reversed, and cause remanded, with directions to overrule the demurrer, and for proceedings consistent herewith.

Whole court sitting.