Pettit v. Yewell.

| 113 | 777 |
| o114 | 204 |

| 113 | 777 |
| 120 | 553 |

| 113 | 777 |
| f124 | 727 |

Case 94—Action by Thomas Pettit against Martin Yewell to Contest an Election.—June 14.

# Pettit v. Yewell.

APPEAL FROM DAVIESS CIRCUIT COURT.

Judgment for Defendant and Plaintiff Appeals.     Affirmed.

Elections—Repeal of Statute—Ballots Rejected Only for Substantial Errors—Improper Conduct of Judge of Election.

Held:  As the election law of October 24, 1900, does not purport to be a complete law on the subject of elections, but is only amendatory of the law then in force, and repeals only such acts or parts of acts as are in conflict therewith, Kentucky Statutes, section 1471, providing that "no ballots shall be rejected for any technical error which does not make it impossible to determine the voter's choice," continues in force, there being nothing in the amendment inconsistent therewith.

2. The conduct of the judge of an election in explaining to voters, when he handed them the ballots, how they could vote the straight ticket of his party, was in violation of law and very reprehensible, but it does not authorize the court to throw out the vote of the precinct and thus disfranchise the voters.

3. The purchase of a lot by a candidate for mayor rendered him a freeholder, and thus eligible to the office, though he purchased the lot for the express purpose of rendering himself eligible, and though the deed was not recorded until after the election.

LAURENCE P. TANNER, FOR APPELLANT.

ELI H. BROWN, C. S. WALKER, W. S. MORRISON, OF COUNSEL.

CLASSIFICATION OF QUESTIONS DISCUSSED AND AU-
THORITIES CITED.

1. The petition stated a cause of action, and the demurrer
was properly overruled. McCrary on Elections, secs. 50213;
Kentucky Election Laws, sec. 79; Am. & En. Ency. Pl. & Pr.
vols. 7, 381, 385; Thayer v. Greenbank, 1 Brews. (Pa.) 190;
Ency of Forms, vols. 7, 432.

2. The State has the legislative power to prescribe the mode
of exercise of the right of suffrage. Spencer v. Registration
Board, 29 Am. Rep., 582, B.; Blair v. Ridgely, 41 Mo., 63;
Destey Fed. Cons., 282, note 21; Amy v. Smith, 1 Litt., 342;
Van Valkenburg v. Brown, (Cal.), 13 Am. Rep., 136; Ander-
son v. Baker, 23 Md., 531; Minor v. Happersett, 21 Wall., 178;
United States v. Reise, 92 U. S., Rep., 214; United States v.
Cruikshank, 92 U. S. Rep., 542; Huber v. Reiley, 53 Pa., 112;
United States v. Anthony, 11 Blatch, 200; Kinneen v. Wells,
144 Mass., 498; Morrison v. Springer, 15 Iowa, 304; Kentucky
Const., sec. 153; Anderson v. Holderman, 1 Kan., 50.

3. The legislative intent must be taken as expressed by the
words which the Legislature has used, and when a specified
mode is prescribed by which a voter may exercise his right
of suffrage, the right must be exercised pursuant to that method,
and not otherwise. Am. & En. Ency. Law, vols. 6, 325;
Sedw. Stat. & Const. Law, 318; State v. McLeory, (La.) 16
L. R. A., 278; Talcott v. Philbrick, (Conn.) 10 L. R. A., 150;
Detroit v. Rush, (Mich.) 10 L. R. A. 173.

4. Section 1471 of the Kentucky Statutes was amended by the
extra session of the Legislature held in 1900, so as to repeal
that clause which stated that, "No ballot shall be rejected for
technical error which does not make it impossible to deter-
mine the voter's choice," and the compilation of the Kentucky
election laws, authorized by the Legislature, and made by the
secretary of State, with the advice and consent of the attor-
ney-general, is correct. Ellis v. Glaser, (Mich.) 61 N. W. Rep.,
652; Westbrook v. Miller, (Mich.) 22 N. W. Rep., 256; Malony
v. Maherm, 1 Mich., 26; Improvement Co. v. Phelps, 11 N.
W. Rep., 167; Pease v. Peck, 18 How., 595.

5. Where two acts are repugnant, the latter act necessarily re-
peals the former. Am. & Eng. Ency. Law, vol. 23, 479; Adams v.
Ashby, 2 Bibb., 96; Nazareth Lit. Inst. v. Com., 14 B. Mon., 214;
Maddox v. Graham, 2 Metc., 56; Ely v. Thompson, 3 A. K. Mar.,
70.

6. Where two acts not in express terms repugnant, yet the latter covers the whole subject of the former, with new provisions, it will operate as a repeal of the former act. Payne v. Com., 3 Bibb., 180; Patterson v. Cardwell, 1 Metc., 489; Grigsby v. Barr, 14 Bush, 330; Gorman v. Luckett, 6 B. M., 155; Broadus v. Broadus, 10 Bush, 308; Henderson Tobacco Case, 11 Wall., 657; United States v. Lynn, 11 Wall., 92; Dist. of Columbia v. Hutton, 143 U. S. Rep., 26; Tracy v. Tuffly, 134 U. S. Rep., 223; Murdock v. Memphis, 20 Wall., 590; Norris v. Crocker, 13 How., 429; King v. Cornell, 106 U. S. Rep., 395-6.

7. The provisions of the law defining the manner in which a voter shall cast his vote are mandatory, and must be strictly followed. McCrary on Elections, sec. 720; Taylor v. Bleakley, (Kan.) 39 Pac., 1045; Whittam v. Zamberg, 130 Ind., 561, 30 N. E. Rep., 790; Parvin v. Wihorik, 21 Iowa, 93; 59 N. W. Rep., 57; Curran v. Clayton, (Me.) 29 Atl., 930; In re vote Marks, 21 Atl., 962; Ellis v. Glaser (Supra.) Parker v. Orr, 158, 111., 609; State v. McElroy, (Supra.)

8. No ballot should be counted for appellee on which a cross mark is not made within the circle under his party device, or in the square opposite his name. Whittman v. Zahorik, (Io.) 59 N. W., 62; Vallier v. Brake, (S. D.) 64 N. W., 180; Re Flynn's Election, (Pa.) 37 Atl., 523; Parvin v. Wimberg, (Ind.) 15 L. R. A., 775; Sego v. Stoddard, (Ind.) 22 L. R. A., 468; People ex rel. Wells v. Elmira, 154 N. Y., 750, 49 N. E., 1102.

9. No ballot marked within the circle under party device, or within the square opposite candidate's name, with something other than a cross mark, and in no other way, should be counted. Grant v. McCullum, 12 Can. L. J., 113, Wigmore P., 190; McMillan v. Sadler, (Nev.) 58 Pac., 282; Haswell v. Stewart, Wigmore P., 190; Cameron v. McLennan, 11 Can. L. J., 163; Olmstead v. Carpenter, Wigmore P., 190; Dionne v. Gaynon, 9 Quebec, L. R., 20; Scott v. Glaser, (Mich.) 16 N. W., 651; Re Flynn's Election (Supra.) Ebert v. Bourke (1900) 63 N. Y. Supp., 906; Dennis v. Coughlin, (Nev.) 29 L. R. A., 731; Parker v. Orr, (Ill.) 30 L. R. A., 227; Sweeney v. Hjul, 49 Pac., 169; Re vote Marks, (Supra.); Curran v. Clayton, (Supra.) Beasley v. Town of Sausalto, (Cal.) 39 Pac., 938; Lay v. Parsons, (Cal.) 38 Pac., 447.

10. Any mark placed upon a ballot by the voter, other than provided by the statute, or any mark not necessary to the legal expression of his choice, should vitiate the ballot as a distinguishing mark, as such mark could be used for identification, and thereby violate the secrecy of the ballot and lead to corruption. Kentucky Election Laws, secs. 130-1; Tebbe v. Smith, (Cal.) 41 Pac., 453; Loner v. Estes, (Cal.) 53 Pac., 263; McMillan v. Sadler, (Su-

pra.) Voorhees v. Arnold, (Io.) 78 N. W., 765; Sego v. Stoddard, (Supra); Zeis v. Passwater, (Ind.) 41 N. E., 796; McCrary on Elections, sec. 721, 724; Rutledge v. Crawford, (Cal.) 13 L. R. A., 761; People v. Onandago Cany. (N. Y.) 14 L. R. A., 624; State v. Black, (N. J.) 16 L. R. A., 769.

11. The ballots are the best evidence of the manner in which the electors voted and marked their ballots, when they have been properly preserved. Hudson v. Colman, 19 (Kan.) 177; Tebbe v. Smith, (Cal.) 29 L. R. A., 675; McCrary on Elections, secs. 474-5-8; Hartman v. Young, 2 L. R. A., 597.

12. The conduct of the election officers in precinct No. 12 was such as to render the vote an undue one, and the returns therefrom should be rejected. Kentucky Election Law, sec. 130; Tebbe v. Smith, (Supra.) Patton v. Coates, 41 Ark., 111; Banks v. Sergeant, 20 Ky. Law Rep., 1027.

13. The fact that the appellee was not a freeholder at the time of the election rendered him ineligible to hold the position as mayor, and his purchase of a small lot in said city for the express and admitted purpose of making himself eligible, did not so operate, and such a construction would not be in keeping with the spirit, or meaning, of the charter of the city. Charter of Cities of the Third Class, secs. 5, & 32; Lawson's Rights, Remedies & Practice, vol. 6, sec. 2704; 2 Blackstone, 103; McGraw et al. v. Green Co. Cmrs. (Ala.) 8 S. Rep., 852; Murdock v. Weimer, 55 (Ill.) App., 527; Porterfield v. McCoy, 1 Cong. El. Cases, 261; Draper v. Thompson, 1 Cong. El. Cases, 702.

14. The appellee did not, in any event, become a freeholder until he lodged his deed for record, in the proper office, which was not due until the 7th day of December, after the filing of this action. Thomas v. Smith, 6 Ky. Law Rep., 737; Ashlock v. Sayers, 7 Ky. Law Rep., 218; Am. & Eng. Ency. Law, vol. 6, (1st ed., 270-1); State v. Woodruff, (Conn.) 2 Am. Dec., 124.

GEORGE W. JOLLY, ATTORNEY FOR APPELLEE.

REUBEN A. MILLER, R. S. TODD, CHAPEZE WATHEN AND J. A. DEAN, OF COUNSEL.

The appellant, under section 12, of the Act approved October 24, 1900, commenced this contest proceedings in the Daviess circuit court for the office of mayor of the city of Owensboro, the appellee, Yewell having received a certificate of election, qualified and entered upon the duties of his office and is now acting mayor of said city.

A consideration of all the ballots, which were all brought into court, shows that Yewell, appellee, was elected by seventy-eight majority.

Pettit v. Yewell.          •

When all the objections which have been made by the re-
spective parties to the ballots from all the precincts, are care-
fully examined, they will be found to all fall within the .prin-
ciples announced by this court in the case of Houston v. Steele,
98 Ky., pp. 596-613, except five ballots, which were not signed
by the clerk of the election.     We assume that that opinion,
elaborate and well considered as it is, 'the court will not overrule
or modify, and it is to be taken as the law governing this case.

The contention of appellant is that the provisions of section
1471, Kentucky Statutes, has been repealed.     Our contention
is, that the following provision of said section, *is left in full
force*, viz.: "No ballot shall be rejected for any technical error
which does not make it impossible to determine the voters'
.choice."

Appellant, in his petition, alleges that upon an examination
of the ballots, it will be found that there were "defects which
rendered it impossible to determine the voters' choice"—but
now contends that all ballots not stamped within the circle
under the party device, should be rejected; that, though a voter
should stamp his ballot under the party device and with part
of the cross on the line of the circle, if the center of the cross
is outside the circle, the ballot must be rejected.

Our contention is, that such slight errors, such as stamping
outside the circle instead of inside, or in or about the party de-
vice, or making two or three stamps instead of one, or making
an irregular blot in the circle, or under the party device, are
mere techincal errors which do not invalidate the ballot, be-
cause the intent of the voter is perfectly manifest, and these
technical and stringent rules are to be liberally construed in fa-
vor of the voter.

None of the allegations of fraud are supported by the proof.

The evidence shows that appellee, Yewell, was a resident of
the city of Owensboro, and had been a resident for more than
twelve months before the election and was the owner of real
estate inside the city for which he held an unrecorded deed,
and was in all respects qualified for the office.

### AUTHORITIES CITED.

Houston v. Steele, 98 Ky., 596-613; Kentucky Statutes, sec. 1471;
Act of October 16, 1900 (Acts of 1900, p. 12) Breckinridge Heirs
v. Ormsby, 1 J. J. Mar., 244; 1 M. & B., p. 443, sec. 12, Act of
1797; sec. 491, Kentucky Statutes; Ward v. Small's Admr., 90
Ky., 201; Phillips v. Green, 3 A. K. Mar., 7; Portis v. Hill, 30
Tex., 529, (98 Am. Dec., 485) Vose v. Morton, 4 Cushing, 27

(50 A. M. Dec., 750); Dozier v. Barnett, 13 Bush, 457; Gibson
v. Wood, 20 R., 1547.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The parties to this action were opposing candidates for the
office of mayor of the city of Owensboro. The returns of
the election officers gave appellee more than 50 majority.
The ballots were recounted by the lower court, which re-
sulted in his majority being increased to over 70. The
grounds of contest may be summarized as follows: (1)
That enough ballots counted for the appellee should have
been rejected, by reason of the violation of the mandatory
provisions of the statute, as would give appellant a major-
ity of all the legal votes cast. (2) The appellee is not eli-
gible to the office, because he was not a freeholder at the
time of the election.

There were some ballots counted by the election officers
and lower court for the appellee where the crosses were not
exactly within the circle, some, where the crosses
were made by the voters with the butt end of the stencil,
produced a circle rather than a cross. It is claimed, if this
character of ballots had been rejected, the appellant would
have received a majority of the votes cast. The argument is
based principally upon the ground that a part of section
1471, Kentucky Statutes, was repealed by the act of October
24, 1900. The part of the section that is claimed was repealed
reads as follows: "No ballots shall be rejected for any
technical error, which does not make it impossible to de-
termine the voters' choice." The act approved October
24, 1900, was to amend an act entitled, "An act to further
regulate the elections," which became a law March 11, 1898.
Acts 1900 (Sp. Sess.) p. 27. It does not purport to be a
complete law on the subject of elections. It is simply an
amendatory act of the law then in force. Section 17 of

Pettit v. Yewell.

the act reads as follows: "All acts or parts of acts, in conflict with this act are, to the extent of such conflict, repealed." There is nothing in the act which is in conflict with that part of section 1471 which provides that no ballots shall be rejected for any technical error which does not make it impossible to determine the voter's choice. Every disputed ballot above referred to, when it was possible to determine the voter's choice, should have been counted. Houston v. Steele (98 Ky., 596) (17 R., 1149) (34 S. W., 6). The rule for the construction of statutes announced in Broaddus' Devisees v. Broaddus' Heirs, 10 Bush., 299, does not apply, because the act of 1900 does not purport to be all the law for the government of elections; on the contrary, it keeps in force all acts and parts of acts not in conflict with it.

The testimony shows that the Republican judge at precinct No. 12 explained to some voters, when he handed them ballots, how they could vote the straight Republican ticket (appellee's name being under Republican device). His conduct was in violation of law and very reprehensible. There is no evidence as to how these parties voted, to whom these explanations were made, nor is there any evidence that the appellant was prejudiced thereby. The statute prohibiting judges from being guilty of such conduct is mandatory as to the officer, but we are unwilling to disfranchise the voters of that precinct because of his conduct.

Under the charter of the city of Owensboro, no one is eligible to the office of mayor unless he is a freeholder. The appellee admits that he bought a lot 20x80 feet for the express purpose of making himself eligible to the office of mayor. He contracted to pay $150 for it, and paid $50, and executed his note for the balance of the purchase money. The vendor made him a deed for it, but he did not have it

recorded until after the election. It is urged: (1) That it did not make him eligible to acquire property for the express purpose of making himself a free-holder; (2) that, as the deed was not recorded at the time of the election, he was not a freeholder. If the purchase was not a sham one, but actually made for the purpose of making himself eligible to the office of mayor, it was a valid transaction, and met the requirements of the charter provision. If one is actually a freeholder in the city, the motive for becoming so is not a subject of inquiry. He is as much a freeholder whether he became so exclusively for a business purpose or for a political one. The instant that the deed was executed and delivered, the appellee was vested with a legal title to the property and was a freeholder. The mere fact that the vendor might have practiced a fraud on his rights, and thus deprived him of the right to hold the property against an innocent purchaser, did not postpone the vesting of the title nor deprive him of the right actually acquired. His title to the property was perfect, although he did not make a record evidence of it until after the election.

The judgment is affirmed.

Whole court sitting.