CASE 28—ELECTION CONTEST BY J. T. FARMER AGAINST JOHN C. HERN-
DON FOR JUSTICE OF THE PEACE—DEC. 3.

# Herndon v. Farmer.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR CONTESTANT AND CONTESTEE APPEALS. AFFIRMED.

ELECTIONS—MARKING BALLOTS—DISTINGUISHING MARKS—JURISDIC-
TION OF CIRCUIT COURTS IN ELECTION CONTESTS.

Held: 1. The election law of October 16, 1900, does not repeal that
part of section 1471, Kentucky Statutes, prescribing the method
of voting except in so far as the act of 1900 provides for vot-
ing by stamping in a circle under the device in lieu of stamp-
ing in the square in which the device is printed; said acts
being otherwise not in conflict as to the method of voting.

2. Kentucky Statutes, sec. 1471, providing that "no ballot shall
be rejected for any technical error which does not make it
impossible to determine the voter's choice," and there being
no statute forbidding or providing for the rejection of a bal-
lot stamped in the circle under two devices, where a ballot
is marked in the circle under two devices, under one of which
are candidates for several offices, and under the other only a
candidate for one office, the ballots will be counted for the
candidates under the first device for other offices than that of
the candidate under the second device, such marking not being
so placed as a distinguishing mark within the meaning of sec-
tion 1476, Kentucky Statutes, but apparently made in good
faith.

3. The Act of 1898 to "further regulate elections." and the acts
of October 16 and October 24, 1900 "to further regulate elec-
tions," having heretofore been decided not to be in conflict with
section 51 of the Kentucky Constitution, providing that no law
enacted by the General Assembly shall relate to more
than one subject, etc., the court is not disposed to reopen that
question, and therefore, under these acts the circuit court has
jurisdiction to try election contests.

MAURY KEMPER AND C. J. BRONSTON, FOR APPELLANT.

## SYNOPSIS OF ARGUMENT AND AUTHORITIES.

1. The Fayette circuit court is without jurisdiction of this

Herndon v. Farmer.

case because the election law of 1900 conferring jurisdiction upon such court is unconstitutional. Purnell v. Mann., 20 Ky. Law Rep., 1146; Pratt v. Breckinridge, 23 Ky. Law Rep., 1357; sec. 51, Kentucky Constitution; Purnell v. Mann, 20 Ky. Law Rep., 1396 (Dissenting Opinion of Judge Guffy); Stewart v. Rose, 24 Ky. Law Rep., 347.

2. This case should be reversed because voting under two devices is contrary to and prohibited by the election laws of Kentucky. The following *cases fully* sustain this contention: Sec. 1471, Kentucky Statutes; State v. Ingersoll, 17 Wis., 654; Whittam v. Zahorig, 91 Iowa, 37; Lay v. Parsons, 104 Cal., 662; Parvin v. Winberg, 130 Ind., 566; McKittner v. Pardee, 8 South Dakota, 44; Hope v. Flentge, 140 Mo., 399; Barrett's Appeal, 116 Penn. State, R., 488.

.J. D. & G. R. HUNT, R. A. THORNTON AND FALCONER & FAL-CONER, FOR APPELLEE.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

1. The Fayette circuit court has jurisdiction to try a contest for the office of magistrate, where the contestant and contestee both reside in Fayette county, under the provisions of chapter 5, section 12 of the Acts of 1900. Stewart v. Rose, 24 Ky. Law Rep., 347.

2. Whenever the intention of the voter can be ascertained from the ballot, the same should be counted in accordance therewith. Sec. 1471, Kentucky Statutes.

3. We further contend that if the Act of 1892 is invalid in so far as it confers jurisdiction on the county boards and if the Act of 1900 does not confer any jurisdiction on the circuit court, then there is no provision for the trial of contested elections. In this case we hold that the circuit court has jurisdiction, independent of any other statute, under the provisions of section 966 of the Kentucky Statutes.

4. In determining how the ballots should be counted and in support of our contention in our original brief, we would refer to the recent cases of Pettit v. Yewell, 24 Ky. Law Rep., 566, and Parker v. Orr., 158 Ill., 609 (S. C. 30 L. R. A., 227); See also In re Middendorf, 4 Pa. Dist. R., 78; Reed v. McArthur, 15 P. Co. Ch. R., 136; 3 Pa. Dist. R., 682.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

Appellant, Herndon, and appellee, Farmer, were the Democratic and Republican candidates for the office of justice of the peace in the Fourth magisterial district of Fayette

county at the election held in November, 1901. Their names. were regularly placed upon the official ballot under the Democratic and Republican devices, respectively, and they were voted for at said election.  Upon the official ballots. there was a Democratic ticket under the party device of the chicken cock, with the candidates for each office to be filled at the election.  There was a Republican ticket under the party device of the log cabin, containing a list of candidates for a number of the offices to be filled, but without a candidate for the office of county court clerk.  There was also an independent candidate for the office of county court clerk, whose name appeared in a separate column under his. own device, viz., a likeness of himself.  Under the device of each of the two parties, and also under the device of Claude Chinn, the independent candidate for county court clerk,. there was a circle.  Below the circle under Chinn's picture was the printed title of the office for which he was a candidate, and below that his name, with a small square to the right of it, and below that a blank space, with a. small square to the right of it.  The vote in all the precincts is admitted to have been correctly counted by the election commissioners, with the exception of 70 disputed and questioned ballots, which were not counted by the officers of election or by the election commissioners.  The vote as tabulated by the election commissioners showed a majority of 12 votes in favor of Herndon.  Some question was made as to the mode of preservation of 20 of the disputed and questioned ballots, but it is not material to consider it, as the disputed ballots from the other precincts, if counted, would give the election to Farmer, and the counting of the remaining 20 disputed ballots would only increase his majority.  Sixty-two of the 70 questioned ballots are plainly marked with the stencil in the circle un-

Herndon v. Farmer.

der the log cabin, and in the circle under Claude Chinn's picture. The other 8 are plainly marked in the circle under the chicken cock, and in the circle under Claude Chinn's picture. If these ballots are counted in the race for magistrate, they change the result from a majority of 12 for Herndon to a majority of 42 for Farmer. The commissioners refused to count them. Upon a contest being instituted, the circuit court counted the disputed ballots, and awarded the election to Farmer. From that judgment Herndon has appealed, and urges two grounds for reversal: (1) That the ballots marked with the stencil in the circle under either the Democratic or Republican device, and also marked with the stencil in the circle under the device of Claude Chinn, the independent candidate for county court clerk, can not be counted for any one; and (2) that the Fayette circuit court had no jurisdiction of this contest. Counsel for appellant concedes that the purpose of the voter in thus stamping his ballot is perfectly apparent, but this purpose has not been legally expressed, and must be disregarded.

Appellant claims that section 1471, Kentucky Statutes, makes provision for the method of voting for a list of candidates upon the same ticket, and at the same time voting for an individual upon another ticket; that this method is clearly defined, and, to accomplish the desired result, the voter must vote in the circle under the device of the list or ticket of candidates for whom he desires to vote, and also in the little square provided by law after the name of the person for whom he desires to vote upon the other ticket; that the marks made by the voters upon the ballots here in question are in utter disregard of the statutory method, and for that reason can not be counted for any candidate of any party; and that it was never intended by

the Legislature that a voter could cast his vote and have it counted, if he marked it in the circle under two party devices. He also claims that all of that part of section 1471, Kentucky Statutes, which is not re-enacted in section 4 of the act of October 16, 1900, "to further regulate elections," is repealed by the latter act, under the doctrine in Broaddus' Devisees v. Broaddus' Heirs, 10 Bush, 309. In the recently decided case of Pettit v. Yewell (24 R., 565) 68 S. W., 1075, in an opinion by Judge Paynter, it was held: "There was nothing in the act which is in conflict with that part of section 1471 which provides that no ballots shall be rejected for any technical error which does not make it impossible to determine the voter's choice."

On behalf of appellee it is maintained that in the act of October 16, 1900, there is nothing in conflict with that part of section 1471 which prescribes the method of voting, except in so far as the latter act provides for voting by stamping the stencil in a circle under the device, in lieu of stamping the stencil in the square in which the device was printed under the former statute. This seems necessarily to follow from the decision in Pettit v. Yewell. Moreover, if the new act repeals all the provisions of section 1471 not set forth and re-enacted, there would remain no provision for the clerk taking the name and residence of the voter, for his marking it on the secondary stub, for his detaching and furnishing a ballot to the voter, for his explaining the method of voting, or for the elector to retire alone to one of the booths.

Appellee further argues that section 1471 provides two methods of voting, either of which may be adopted by the voter if he so desires: First, it is provided that on receipt of his ballot the elector shall retire alone to one of the booths, "and shall prepare his ballot by marking in the

appropriate square a cross-mark immediately following the name of the candidate of his choice for such office to be filled, and in case of a question submitted to the vote of the people by marking in the appropriate square a cross-mark against the answer which he desires to give." We have no doubt, and counsel for appellant concedes in argument, that this mode of voting is still proper—that the elector may vote for every candidate upon one ticket by stamping in the square to the right of each name, or that he may in like manner vote for all the candidates, except one, upon one ticket, and for the candidate for the omitted office upon another ticket, by stamping in the squares following the names of such candidates upon the two tickets. There is equally little doubt that if he votes by stamping in the squares following all the names upon one ticket, and in the square following the name of one candidate upon another ticket, his vote must be counted for all the candidates opposite whose names he placed his mark except for the two candidates for whom he voted for the same office. This is so according to the statute, which provides further on in the section that "if the elector marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the voter's choice for the office to be filled, his ballot shall not be counted for such office." This method is called by appellee and is, the "primary mode of voting provided by the statute." But the statute provides a secondary mode of voting, and it is for this method that the devices are provided. This has been altered by the new act solely by substituting a stamp in the circle under the device for a stamp in the square with the device. In the new act it reads: "Should any elector desire to vote for each and every candidate of one party, he shall make a cross-mark in the circle under the device

of said party, and the vote shall be counted for all the candidates under said device." This appellee calls the "secondary mode of voting." It is not exclusive of the primary mode, and has never been so regarded. The statutory provision for this secondary method of voting has appended to it a proviso as follows: "Provided, however, if a cross-mark (X) be made in the circle under a party device and a cross-mark (X) be also made after one or more candidates of a different party, or parties, the vote shall be counted for the candidates so marked, and not for the candidates for the same offices of the party so marked, but the vote shall be counted for the other candidates of said party." This proviso imposes no additional obligation on the voter. It does not require him to vote in the manner thus indicated. It is not even permissive. It does not say that he may vote in this manner. It says only that if he does vote in this mode, his vote shall be counted, and how it shall be counted. There is no statutory provision anywhere, in any of the election statutes, forbidding the marking of a ballot in the circle under two devices, or providing for the rejection of any so marked. On the contrary, even where the voter marks more names than there are persons to be elected to an office, the statute annuls his ballot only with respect to that particular office, and leaves it valid as to all other offices as to which he indicated his intention. And it provides further, "No ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice." If, therefore, the voter's choice can be determined, there is nothing in the statute to prevent these ballots having effect, unless these marks be construed to be distinguishing marks, within the meaning of section 1476. But in the case of Houston v. Steele (98 Ky., 596) (17 R., 1149) (34 S. W., 6),

we held, in substance, and in Graham v. Graham, 24 R.,
548 (68 S. W., 1094), specifically, that marks made upon a
ballot in good faith were not distinguishing marks, be-
cause "not placed upon them for that purpose." It was up-
on this view that, in spite of the statutory requirement
that "all marking upon the ballots shall be made with black
ink stencil," we held in Houston v. Steele, and in the
Graham case, that marks made with a black lead pencil,
or even with a red one, or with blurred cross-marks, or with
the butt end of the stencil, should be counted, if the voter's
intent could be deduced therefrom. In the case at bar it is
not necessary to decide, and we do not decide, what effect
the placing of the stamp in the circle under the device
of Chinn, the independent candidate for county court clerk,
should have as to that office. Whether it had the effect
of cancelling the ballot so far as that office was concerned,
even though there was no candidate for such office upon
the ticket under whose device the voter stamped, is not
necessary to be decided. What we decide is that there is
no technical error in the marking of this ballot which
makes it impossible to determine the voter's choice for
magistrate. That choice was perfectly evident, and the
circuit court correctly so held.

The other question, and which was most elaborately and
ably argued by counsel for appellant, is as to the jurisdic-
tion of the circuit court in election contests. With great
ability and force it is urged that the act of 1898 "to fur-
ther regulate elections," the act of October 16, 1900, "to
further regulate elections," and the act of October 24, 1900,
"to amend an act entitled, 'An act to further regulate elec-
tions,' which became a law March 11, 1898, the objections
of the governor to the contrary notwithstanding," are all
invalid under section 51 of the Constitution, providing that

Herndon v. Farmer.

"no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length." Without going into an extended consideration of counsel's argument, it may be said that the case of Purnell v. Mann, 105 Ky., 87 (20 R., 1146) 48 S. W., 407, in which the election law of 1898 was held not objectionable by reason of this constitutional provision, was not overruled in Pratt v. Breckenridge, 112 Ky., 1, 23 R., 1356, 1858, 65 S. W., 136, in so far as the former case passed upon this question. In the recent case of Stewart v. Rose, 24 R., 347, 68 S. W., 465, while this question was not specifically considered, the validity of the act of 1900 was recognized. So far as the decisions go, the constitutional question here raised is decided adversely to appellant's contention, and the court is not disposed to reopen the question.

For the reasons given, the judgment is affirmed.

Judge Paynter dissents.