## Milius, Clerk v. Brann.

(Decided October 21, 1924.)

### Appeal from Campbell Circuit Court.

1. Statutes—Act Held Not Amendment of Another and Need Not Set it Out.—Acts 1922, c. 53, is not amendment of Ky. Stats., section 3050a, relating to annexations to cities, and latter need not be re-enacted and published at length, under Constitution, section 51.

2. Constitutional Law—Duty of Court to Reconcile Every New Statute with Provisions of Constitution and Uphold it.—It is duty of court, whenever it can do so without violating established rules, to reconcile every new statute passed with Constitution, and unless clearly repugnant to fundamental law, to uphold it.

L. J. CRAWFORD, JR., and FRANK E. DAUGHERTY, Attorney General, for appellant.

CHARLTON B. THOMPSON and RODNEY G. BRYSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This action was commenced by appellee Brann, a citizen and taxpayer of Campbell county, against appellant Milius, clerk of the Campbell county court, praying a writ of mandamus against Milius as clerk, commanding him to have printed on the ballot provided for use in the city of Clifton, in the county, at the approaching regular election the question: "Are you in favor of annexing to the city of Newport?" and to place opposite the question the words "Yes" and "No," with the proper square for stamping the cross-mark to indicate preference. A general demurrer was filed to the petition and overruled by the court. Judgment was then entered granting the writ of mandamus, directing appellant Milius, as clerk, to print the question on the ballot as prayed in the petition. It is from that judgment that this appeal is prosecuted.

Newport is a city of the second class. Clifton is a separate municipality of the fourth class, located in Campbell county and not far from the city limits of Newport.

The board of commissioners of the city of Newport in August, 1924, passed an ordinance declaring it desir-

able to annex to that municipality the city of Clifton, and provded that the question of whether or not such latter city should be annexed be submitted to the qualified voters of the city of Clifton at the next regular election to be held therein, and that thereafter, on or about the 6th day of August, 1924, the mayor of the city of Newport certified the action of the commissioners, passing the ordinance, to appellant Milius, clerk of the Campbell county court, for the purpose of informing that officer of the passage of the ordinance and of requiring him to have printed on the ballot the question stated above with respect to the annexation of the city of Clifton. This proceeding was had under section 3050a, Kentucky Statutes, which provides:

"3050a. Whenever it is deemed advisable to annex any city of the second, third or fourth class to the city, the general council of the city proposing to annex such city shall pass an ordinance or resolution declaring it desirable to annex the same and providing that the question of whether or not such be annexed shall be submitted to the qualified voters thereof at the next regular election to be held therein. The mayor of the city proposing to annex shall certify the action of the city to the county clerk of the county, who shall, on the ballots provided for use in the city proposed to be annexed, have printed thereon the question: Are you in favor of annexing the city of .................? filling in the blank with the name of the city proposing to annex, and opposite said question he shall print 'Yes' and 'No,' with the proper squares for stamping the cross-mark to indicate preference. If a majority, or more, of those voting on the proposition shall vote in favor of annexing, then the city proposing to annex shall pass an ordinance declaring such city annexed, and such city shall therefrom become a part of the city."

The same question which is now proposed to be submitted to the voters of Clifton at the coming election was submitted to the voters of that city at the regular November election in 1923, and rejected by the voters at that election, so it is averred in the petition. In 1922 the General Assembly passed an act, chapter 53, which, including the title, reads:

"An act relating to and fixing the time when the question of annexation by any city of the second

class of a city of the second, third or fourth class, as provided in section 3050a, Kentucky Statutes, Carroll's 1915 edition, may again be taken up and submitted to an election after it has been once rejected.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Sec. 1. That if any city of the second class has heretofore taken, or will hereafter take, the necessary steps required by section 3050a, Kentucky Statutes, Carroll's 1915 edition, in an attempt to annex a city of the second, third or fourth class, and pursuant thereto has caused such question to be submitted to the qualified voters of such second, third or fourth class city, resulting in a defeat or rejection of such question, such city of the second class shall not again take such steps and cause such question to be submitted to the qualified voters of such second, third or fourth class city within five years after such rejection."

Relying upon the validity and sufficiency of the foregoing act, appellant Milius, as clerk of the county court, declined to have the question of annexation certified to him by the city of Newport, printed upon the ballot to be used in the city of Clifton at the approaching November elction, it being made known to him that the same question had been submitted to the voters in Clifton at the regular November election, 1923, and rejected.

Appellee insists that the act of 1922, copied above, was and is invalid and unenforceable because in conflict with the latter part of section 51 of our Constitution, providing:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

It is appellee's contention that the act of 1922, while not so denominated, is in fact and effect an amendment of section 3050a, Kentucky Statutes, and being so, should have copied and published at length all of section 3050a of the statutes which it is said to amend.

Appellant insists that the act of 1922 is neither a revision, amendment nor extension of section 3050a, Kentucky Statutes, but as it only relates to the time when a second submission of the question can be had and there is no reference to this subject in section 3050a, it is new and independent legislation, and insists that the provision in the Constitution reading: "So much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length" has no application.

Similar questions have been presented to this court in many cases, including that of Purnell, etc. v. Mann, etc., 105 Ky. 87, where we in part said:

"The question then arises how to construe the provision, 'but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length,' so as to substantially comply with that section. We think the manifest intention was that the provision should apply only to so much of the law as, after passage of the new act, remains in force amended. To construe it otherwise would involve an absurdity, for while a law, or part of a law, that is repealed, or for which a substitute has been adopted, might be republished, though to no purpose, it certainly was not intended it should simultaneously die and be re-enacted.

"The constitutions of many states contain a similar provision. In regard to the purpose of such provision, in People v. Mahany, 13 Mich. 497, it was said: 'The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that the legislators themselves were sometimes deceived in regard to the effects, and the public from the difficulty in making the necessary examination and comparison failed to become apprised of the changes made in the laws. An amendatory act, which purported only to insert certain words, or to substitute one phrase for another, in an act or section which was only referred to, but not published, was well calculated to mislead the careless as to its effects.' Judge Cooley in his treatise on Constitutional Limitations, having cited that case, said:

" 'If this be a correct view of the purpose of the provision, it does not seem to be at all important to its accomplishment that the old law should be republished, if the law as amended is given in full, with such reference to the old law as will show for

what the new law is substituted . . . It is believed that the general understanding of the provision in question is that it is fully complied with in letter and in spirit if the act or section revised or amended is set forth and published as revised or amended, and that anything more only tends to render the statute unnecessarily cumbrous.'

"We have been referred by counsel to a number of cases sustaining Judge Cooley, but need not mention them, because satisfied that a republication of a law then and thereby repealed is not required by section 51 of the Constitution. There is no direct reference made in the act in question to any particular section of the general election law amended or repealed by it, nor do we think section 51 expressly or impliedly requires it to be done. The act as passed and published is full and specific enough, as to all subjects embraced by it, to show for what parts of the general election law it is substituted; and these parts are both in terms and by implication repealed, leaving the residue unaffected and in full force."

In the recent case of Lakes v. Goodloe, Judge, 195 Ky. 240, it was said:

"It is well settled that a later act of the General Assembly, which is an independent enactment and does not purport to amend or revise any prior act, and makes no reference to any prior act, may have the effect of amending or repealing as many prior acts as are inconsistent with it, and that without referring to them, or re-enacting any portion of them, and also, without suffering annihilation from the provisions of section 51 of the Constitution. Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255; Murphy v. City of Louisville, 114 Ky. 762; Purnell v. Mann, 105 Ky. 67; Herndon v. Farmer, 114 Ky. 200."

In the case of Board of Penitentiary Commissioners v. Spencer, *supra*, we laid down, with great particularity, rules by which it may be determined when it is necessary to copy and republish as part of the new legislation, that part of the old act revised, amended, extended or conferred, within the meaning of the constitutional provision to which we have referred. The most recent utterance of the court on the subject may be found

in A. M. Link, Doing Business in the Name of Louisville Loan Company v. Commonwealth of Kentucky, By, etc., 205 Ky. 243, where we said:

"It is urged in support of ground (1) that by an act of 1906, which was subsequently incorporated in the Kentucky Statutes as section 4224 as a part of the statutes on revenue and taxation, the same occupations covered by the 1920 act were annually taxed at named rates and that the effect of the latter act was to amend the then section of the Kentucky Statutes which was the 1906 act, and that it was, therefore, necessary under the provisions of section 51 of the Constitution to set out in the 1920 act the entire 1906 act as amended by the later act; all of which would be true if the 1920 act had purported on its face, either in its title or in its body, to amend the 1906 act or any other existing statute, as this court has held in an unbroken line of decisions, two of the latest of which are Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, and South v. Fish, 181 Ky. 349. There are many other intervening ones, but in the Spencer case the contention here made was expressly decided against appellant in these words found in the opinion on page 263:

" 'This part of the section (51) has of course no application to acts that do not purport to revise, amend or extend another act or law. When the legislature comes to enact new laws under appropriate titles, its power is not in any manner limited by this provision, and it may act entirely independent of and without reference to it. Of course many laws that are enacted by the legislature touch in some way existing laws either by amending, extending or repealing them, but notwithstanding this, the legislature, by a new act that does not purport in its title or body to amend, revise or extend an existing law, may in fact revise, amend or extend it, free from the control of section 51, and this has been often done.' "

It is the duty of the court, whenever it can do so without violating established rules, to reconcile every new statute passed by the General Assembly with the provisions of the Constitution, and unless it is clearly repugnant to our fundamental law, to uphold it. The constitutional provision was intended to prevent the amendment of statutes by reference to their title only, as well as by in-

serting new words therein, or by substitution of new words for words employed in the old statutes without calling attention to the whole act and the form it would take when re-enacted. To encompass its purpose the legislature provided that certain amendments should only become effective when the act as amended was set out and republished in full. This precaution was taken because many times members of the General Assembly would be deceived as to the real contents and purposes of the measure unless presented in its complete form when the amendments were inserted or added, the object being to protect the members of the General Assembly as well as the public from the enactment of legislation which was not understood or intended by our law-making body. The act of 1922 does not in any way revise, amend, extend or confer the provisions of the section 3050a, Kentucky Statutes, to which we have referred, but it is an entirely independent and distinct measure, merely fixing the time when such an election may be had after the question has once been submitted and rejected. Being independent legislation the provisions of the Constitution, section 51, were not violated and the act of 1922 was and is valid; hence it results that the appellant, Milius, as clerk of the Campbell county court, was within his rights when he declined to place the question upon the ballot to be used in the city of Clifton in the coming November election, and the trial court erred to his prejudice in holding otherwise and in granting the writ of mandamus ordering and directing him to have the question of annexation printed upon the ballots.

For the reasons indacated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.