**Lee GULLETT et al., Appellants,**

v.

**Noah RUDD et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1957.

612

Joe Hobson, Prestonsburg, for appellants.

Nickell & Walter, West Liberty, R. B. Harrington, W. B. Hazelrigg, Paintsville, for appellees.

WADDILL, Commissioner.

Appellant, Gullett, was the Democratic candidate and appellee, Rudd, was the Republican candidate for Sheriff of Magoffin County in the November, 1956, election. No other candidate for sheriff appeared on the ballot.

The election commissioner certified a count of 2268 for Gullett and 2209 for Rudd. Rudd filed suit pursuant to KRS 122.100 for a recount. The result of the recount by the circuit court was 2327 for Gullett and 2362 for Rudd. This established the election of Rudd by 35 votes, and judgment was accordingly entered.

On appeal, Gullett and the board of election commissioners contend that the circuit court erroneously counted 83 ballots for Rudd which had been voted in the circle under the device of the Republican Party and also under the emblem of the Independent Party. This contention must be considered under KRS 118.280(2) which directs in pertinent part that "no ballot shall be rejected for any technical error that does not make it impossible to determine the voter's choice."

We have carefully examined the ballots in question and have had no difficulty in determining that 80 of these ballots were voted for Rudd. This conclusion is strengthened by the fact that the Independent Party had no candidate for sheriff on its ticket. See, Herndon v. Farmer, 114 Ky. 200, 70 S.W. 632, and Baker v. Dinsmore, 138 Ky. 277, 127 S.W. 997. Under our tabulation of the ballots, Rudd received a majority of the votes cast.

Appellants urge that none of the votes in State Road Fork Precinct No. 2 should have been counted because the stub book was not signed by the commissioners and no tally sheet appeared in the ballot box. The circuit court directed that these ballots be counted after it was verified that the number of voted ballots corresponded to the number of ballots taken out of the ballot book. We are of the opinion that an irregularity of this type is insufficient to destroy the integrity of all ballots cast in that precinct. Preston v. Price, 85 S.W. 1183, 27 Ky.Law Rep. 588; Wilhoit v. Liles, 300 Ky. 564, 189 S.W.2d 851. However, we do wish to observe that there was no change in the majority of the votes Rudd received in this precinct on the recount of the ballots.

Appellants raise a question concerning the counting of two ballots which

were voted under the device of the Democratic Party and for each individual candidate on the Republican Ticket. It is unnecessary to consider this contention or appellants' objection to 15 absentee ballots because the total of these questioned ballots would not change the result of the election.

■ Appellants also raise an objection to the circuit court taxing as costs the expense of guarding the ballot boxes prior to the recount. Assuming that this matter is before the court on this appeal, we are of the opinion that the matter was within the discretion of the circuit court.

Judgment affirmed.