## Craig v. Spitzer.

(Decided November 1, 1910.)

### Appeal from McCracken Circuit Court.

1. Elections—Officers' Duties—Failure to Perform—Effect on Result.—The general rule is that a failure on the part of the election officers to perform their duties according to the statute will not be allowed to disfranchise the voters unless such failure has prevented a fair election or in any way affected the result.

2. Secret Ballot—Mandatory Provisions—Ballots Fairly Counted—Irregularities—Effect.—The Constitution requires elections to be held by secret official ballot. Its provisions are mandatory, and the provisions of the statute carrying them into effect must be complied with. But when the election is fair and the ballots have been fairly counted, it will not be held void for mere irregularities not going to the substance of the election or affecting the result as where the officers counted the ballots in a house 100 feet from the voting place.

W. A. BERRY and WHEELER, HUGHES & BERRY for appellant.

DAVID BROWNING and W. MIKE OLIVER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

John Craig and G. M. Spitzer were opposing candidates for the office of justice of the peace in the fifth magisterial district of McCracken county. There were two voting places in the district; at one of them Craig received eighty votes, and Spitzer sixty; but at the other Spitzer received a majority of more than twenty votes and a certificate of election was issued to him. Craig thereupon filed this suit to contest the election. He al-

leged in his petition these facts: As soon as the polling place was closed in the precinct in which Spitzer received the majority which secured his election, the election officers left the voting room where the election was held, and took with them the ballot box and carried it to the residence of a man named Lipford, more than 100 feet away from the room where the election was held. At Lipford's house they opened the ballot box, counted the vote, and made. a tally sheet; but before doing this they called in a man named Robert Spears, a resident of the district, who was not an officer in the precinct in any capacity, and he helped to make the count, the clerk of the election taking no part in it, but signing the certificate when the count was closed. On these facts he insisted that the vote of that precinct should be thrown out. The circuit court sustained a demurrer to his petition, and he declining to plead further, it was dismissed. From this judgment he appeals.

By section 1470 Ky. St., the challengers allowed by the statute are entitled to stay in the room while the vote is going on. By section 1481, the inspectors may be present at the count, and no other person, except the election officers, shall be admitted to the polling place before or after the count begins. By section 1482 it is provided:

"As soon as the polls are closed on the day of election, and without adjournment or separation of the officers, they shall, in the voting room, open the ballot box, and immediately count the ballots and make a tally sheet of the count. When the result of the ballot is ascertained it shall be immediately announced by one of the judges, in front of the voting room.

As to Spears, it is not averred in the petition that he was not an inspector properly appointed. The presumption is that the officers did their duty. As to the count, it is averred that there was a separation of the officers, and that the result was not announced in front of the voting room. While it is alleged that the result of the election was not announced in front of the voting place, it is not alleged that it was not announced in front of the house where the count was made; and the failure to make the announcement has been held not to invalidate the election. (Puckett v. Snyder, 110 Ky. 266.) As to the separation of the officers, it is averred that the clerk took no part in the count; and so taking the pleading against the pleader, we must assume that the separation

referred to was in the clerk's absenting himself from the count; but this act of his after the polls were closed would not invalidate the election if the vote was properly counted by the other officers.

It is not averred that the vote was not properly counted; no fraud or intentional misconduct on the part of the officers is alleged, and so we have the naked question whether their leaving the room and going one hundred feet away to another house should be held sufficient to throw out the vote of an entire precinct at an election admitted to have been fairly held, where the votes were fairly counted. It is the duty of the election officers to comply with the statute, and count the votes in the voting room without an adjournment or separation. Where the officers fail in doing their duty under the act they may be punished. Ky. St. 1577. But whether the vote should be thrown out because the officers instead of counting the vote in the voting room, went a hundred feet away and counted it at another house, when this was done innocently, and had no affect on the result, is a very different question. If the house in which the vote was taken should burn with fire, the officers would not be expected to remain there during the fire. And so cases have arisen where officers have left the voting room because they were attacked by a mob, and were thus prevented from discharging their duties. The officers should comply with the statute unless compelled to go to another place by some overruling necessity beyond their control; but the general rule is that a failure on the part of the election officers to perform their duties according to the statute, will not be allowed to disfranchise the voters, unless such failure has prevented a fair election or in some way affected the result. (McCreary on Elections, section 724.) Thus in Bailey v. Hurst, 113 Ky. 699, it was held that the vote of a precinct should not be thrown out because the ballot box was opened during the day to get out the clerk's pen which had accidentally fallen into it, when the officers had no other pen, and could not otherwise go on with the election. In Hardin v. Cress, 113 Ky. 734, the election officers instead of preserving the ballots after they counted them, burned them contrary to the statute; but it appearing that there was no fraud, and only an honest mistake had been made by the officers which did not affect the result, it was held that the precinct could not be for this reason thrown out. In Pace v. Reed, 128 S. W. 891, the crowd

was not required to stand back fifty feet, the election was held in an old log house, in which there were a number of openings through which outsiders could peep in; the booths had no curtain over the entrance; one of the doors had a hole in it which was covered by an old coffee sack, and during the day the sack was pushed aside and persons would look in, but could not see how any one voted. The election was fairly conducted, and it was held that for these matters the voters of the precinct should not be deprived of their suffrage. In that case, also, the officers burned the ballots after the count was completed. We do not see that this case can be distinguished from those cited. The irregularities here are the same in kind as those that occurred there, and the principle applied there must control, that the voters in a fair election properly held should not be disfranchised by the mere errors of the election officers which do not affect in any way the result. By section 1482 Ky. St. the disputed ballots which are not counted must be certified and returned in a certain way. It has been often held that disputed ballots not certified and returned as required by the statute, cannot be considered; but the vote of the precinct was not for this thrown out in any of the cases. The statute prescribes minutely how elections shall be conducted, and if each of its directions was held to be mandatory, and its violation to vitiate the election, the essential purpose of the statute, to obtain the will of the people, would be defeated, for then elections would be so uncertain that no confidence could be placed in them. Contests would be invited and too great an opportunity would be held out to any election officer opposed to the majority in the precinct to throw out the entire vote. The Constitution requires elections to be held by secret official ballot. Its provisions are mandatory, and the provisions of the statute carrying them into effect must be complied with. (Cole v. Nunnelley, 140 Ky. 138.) But where the election is fair and the ballots have been fairly counted, it will not be held void for mere irregularities on the part of the officers not going to the substance of the election, or affecting the result.

Judgment affirmed.