CASE 13—PETITION ORDINARY—OCTOBER 2.

## Stine v. Berry.

APPEAL FROM CAMPBELL CIRCUIT COURT.

USURPATION OF OFFICE—DECISION OF CONTESTING BOARD CONCLUSIVE.—Where the person holding an office is constitutionally eligible, and has a certificate of election from the proper authorities, his right to the office cannot be collaterally questioned, nor can he be proceeded against as a usurper, upon the ground that fraudulent or illegal votes were cast for him. This is a matter to be determined by the contesting board, and its decision is conclusive; and if there has been no contest the certificate of election from the proper authorities is con-

Stine v. Berry.

clusive. And in the case of a city office, the fact that the city charter fails to give either party the right of appeal from the decision of the contesting board, can make no difference.

L. J. CRAWFORD FOR APPELLANT.

1. In this contested election case the proceeding in the nature of a *quo warranto* is the proper remedy. (Paine on Elections, 854; 3 Blackstone's Comm., 264, note; Civil Code, secs. 480-483 and 487; Commonwealth v. Adams, 3 Met., 9; Boyd v. Chambers, 78 Ky., 141; Toney v. Harris, 85 Ky., 461; Patterson v. Miller, 2 Met., 493.)

The certificate of election is *only prima facia* evidence of election.

2. The jurisdiction of the court to try title to office adheres, as the statute creating the special tribunal does not exclude it. (Paine on Elections, sec. 868; Moulton v. Reid, 54 Alabama, 32¹; Echols v. The State, 56 Alabama, 131; Paine on Elections, secs. 861, 862, 867, also secs. 808, 809, 810, 811; McCrary on Elections, sec. 345; Dillon on Municipal Corporations, 2d ed., secs. 140, 141; Hawkins' Laws of Newport, 18.)

3. The judgment below should not have been made to turn upon the failure of appellant to allege and prove that he had qualified by taking the oath of office, as the law requiring the oath to be taken is not applicable in case of a contest. (*Paine on Elections*, secs. 221, 232, 324 and 233; People v. Potter, 63 Cal, 127; Flatan v State, 56 Texas, 93; Regina v. Cooks, 3 El. & Bl., 249; Ross v. Williamson, 44 Ga., 501; Purd. Dig., 211, s. 10; People v. Scannel, 7 Cal., 432.)

4. Appellant desiring a reversal only of the findings of law, it is not requisite to bring up the bill of evidence. (L. & N. R. Co. v. Commonwealth, 13 Ky. Law Rep., 439; Harper v. Harper, 1C Bush, 451; McAllister v. Conn. Mut. Life Ins. Co., 78 Ky, 531; Johnson's Adm'r v. Louisville City R. Co., 10 Bush, 231.)

Appellee failing to object or except to the finding of facts can not now question such finding.

NELSON & DESHA AND JOHN S. ROEBUCK OF COUNSEL ON SAME SIDE.

CHAS. J. HELM FOR APPELLEE.

1. A contested election case can not be tried by a proceeding in the nature of a writ of *quo warranto*. The provision for the trial of contested election cases is exclusive of all other remedies. (Civil Code, sec. 480; Hawkins' Laws of Newport, 18.)

2. The appellant having failed to present the bill of evidence, this court can not say that the finding of the trial court was erroneous.

JOHN P. NEWMAN AND JOHN S. DUCKER OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant and the appellee were candidates for the office of mayor of the city of Newport at an election held in October, 1890. The poll-books show that the appellee Berry received two thousand two hundred and fifty eight votes and the appellant two thousand two hundred and twenty-two votes, and the board empowered by law to ascertain the result certified the number of votes received by each candidate, and the appellee receiving the largest number of votes, was duly elected to the office. The appellee qualified according to law, and entered upon the discharge of his duties.

The appellee, in so far as appears from the record before us, was constitutionally eligible to hold the office of mayor, and had never committed any act by which his right to the office had been forfeited. This proceeding, in the nature of an action by the appellant against the appellee for usurpation of the office of mayor, was instituted under section 480 of the Civil Code, that provides: "In lieu of the writs of *scire facias* and *quo warranto*, or of an information in the nature of a *quo warranto*, ordinary actions may be brought to vacate or repeal charters, and to prevent the usurpation of an office or franchise."

Section 486 provides: "A person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of which, by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof."

Does this section apply to a contested election where the party out of office is claiming that the one

in office and who has qualified, received fraudulent and illegal votes, which, when stricken from the poll-books, would entitle the claimant to the office? We think not.

The city council, in accordance with a provision of the city charter, passed an ordinance providing for the hearing and determining contested elections for city officers. After notice the council constitutes itself a board to hear and determine the contest, "*and shall determine whether the contestee* or contestant be entitled to the office, and the board shall invest the party with the office whom it shall determine to be entitled thereto."

The appellant gave notice to the appellee of his purpose to contest the election before the council, but after this, withdrew his notice of contest, and instituted this action in ordinary against the appellee for the usurpation of an office, of which the latter could not be deprived, unless his vote was reduced by the contesting board, so as to give him the minority vote.

It is insisted that the manner of contesting city elections provided by the city charter is merely cumulative, and the action in ordinary, in lieu of the writ of *quo warranto*, may be maintained. We understand, and so adjudge, that the statute in regard to contested elections for State and county offices is exclusive, and that when a mode of contest is provided in a city charter for contesting the election of city officers, it excludes any other remedy.

Such statutes are enacted with remedies providing for the speedy determination of such questions, and to take from the courts all original supervisory power

over such contests. That one entitled to an office may prevent a mere usurper from discharging the duties pertaining to it is unquestioned, but such a cause of action can not arise against one who has his certificate of election from the legally constituted authorities, and has received, as appears from the poll-books, the majority vote. The right, if fraudulent votes are cast, must be asserted by a contest before the board authorized by law to determine who is entitled to the certificate of election.

Where one is not eligible to an office under the Constitution, a certificate of election can not make his election lawful, and the right of such an incumbent to hold the office may be questioned at any time when he is asserting a right by reason of his official position. He may be regarded as an officer *de facto*, and his acts held to be lawful for the protection of others, but in so far as his acts as an officer affect him personally, he can have no protection. Such was the ruling of this court in Patterson v. Miller, 2 Met., 496.

If constitutionally eligible, and he is given a certificate of his election by the proper authorities, his right to the office can not be collaterally questioned or placed in issue upon the ground that fraudulent or illegal votes were cast for him. This must be determined by the contesting board, and if no contest, the acts of those authorized to compare the polls and give the certificate of election, must be held valid and conclusive. The fact the city charter fails to give either party the right of appeal from the decision of the contesting board can make no difference; it is the

remedy provided by the city charter, and was deemed ample protection by the Legislature for those who were contesting a right of another to hold an office under the city government.

The court below held (the law and facts having been submitted to the court) that the appellant received a majority of the legal votes cast, but was not entitled to the office as he had never qualified. While we can not adopt this view of the court below, still we are satisfied the answer of the appellee *setting forth his majority vote*, his certificate of election that he had received from the board authorized to compare the polls, entitled him to the office in the absence of any contest as provided by the city charter, and was a complete defense to the action.

The judgment for the reasons given must be affirmed.