CASE 33—ACTION TO HAVE LOCAL OPTION ELECTION ADJUDGED VOID—
MARCH 12.

# Puckett, &c. v. Snider, &c.

110 261
e120 546

### APPEAL FROM SPENCER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   AFFIRMED.

INTOXICATING LIQUORS—LOCAL OPTION—PETITION FOR ELECTION—FIX-
ING OF TIME—ELECTION OFFICERS—PUBLIC ANNOUNCEMENT OF RE-
SULT—FAILURE TO DESTROY UNVOTED BALLOTS.

Held:   1. The fact that the petition to the County Judge, under Ken-
tucky Statutes, section 2554, for an election to take the sense of
the voters of a precinct as to the sale of liquor therein, did not
name a date for the election, did not invalidate the election.

2. The County Judge had power to fix any day for the election, not
earlier than sixty days after the application was lodged with him.

3. It was proper for the County Judge to appoint special officers to
hold the election, as the spirit of the statute requires a division
of the officers between the parties favoring the sale of liquor
and those opposed to it.

4. It was proper that the order for the election should be directed to
the Sheriff of the county, whose duty it was to give notice there-
of.

5. In the absence of evidence to the contrary, it will be presumed
that the result of the election was publicly announced by one of
the judges at the close of the polls, as required by the statute.

6 The requirement of the statute that the unvoted ballots shall be
destroyed is directory merely, and a failure to comply with it
does not invalidate the election.

7. As the statute provides for a contest of such an election, that rem-
edy is exclusive, and an action does not lie to have the election
and the certificate thereof adjudged void.

G. G. GILBERT, ATTORNEY FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. The statute which requires not less than ten to contest an elec-
tion before the county board is mandatory, and less than that
number can not be heard.   23 Am. & Eng. Ency. of Law, pp.
467, 468, and cases and notes; State v. Bradish, 37 L. R. A., 289,
and cases cited; Ky. Stat., sec. 2566, sub-sec. 2.

2. One or more citizens may enjoin the County Clerk from having the certificate of the canvassing board put to record. Lafferty v. Huffman, 18 L. R., 18;. Richie, Judge v. Peipers, Extx., 18 L. R., 114; Burke on Petition, 19 L. R., 358; Belknap, &c. v. City of Louisville, 18 L. R., 314; Todd, Mayor, &c. v. Johnson, 18 L. R., 354.

3. The statute which requires the petitioners to fix the day of the election in the petition is mandatory; the County Judge had no authority to fix any day; and an election held on a day fixed by the judge is void. South v. Commonwealth, 79 Ky., 493; Commonwealth v. Shelton, 18 Ky. Law Rep., 31; Wilson v. Hines, &c., 18 Ky. Law Rep., 236; Cress v. Commonwealth, 18 L. R., 633; Commonwealth v. Green, 17 L. R., 579; 6 Am. & Eng. Ency. of Law, p. 294, and notes, also pp. 18 and 325, 326, and notes and page 329, and notes; Paine on Elections, sec. 498; 33 Am. St. Rep., 627; Wooten v. Commonwealth, 15 Ky. Law Rep., 495; Mays, &c. v. Slemmens, 14 Ky. Law Rep., 660. These cases overrule Young v. Commonwealth, 14 Bush., 161.

P. J. FOREE, ATTORNEY FOR APPELLEES.

WM. REASOR OF COUNSEL.

1. This is a suit in equity by a number of individuals to test the validity of an election held under what is known as the local option law. Can it be maintained? We think clearly not. Courts of equity were created for the purpose of correcting and redressing injuries, for which there is no remedy at law. Every question in this case could be raised before the statutory tribunal provided for such cases. Sec. 2566, Ky. Stats.; 83 Ky., 410; 13 Bush., 307 and 435; (Lafferty v. Hoffman, 18 Ky. Law Rep., 18,. is not in point); Stine v. Berry, 96 Ky., 66; Clark, &c. v. Rogers, &c., 81 Ky., 46; Wilson v. Hines, 18 Ky. Law Rep., 236; Varney v. Justice, 86 Ky., 600.

2. Was this election held by the proper officers? Clearly it was. They were appointed by the County Judge specially to hold this election, as the statute requires. Kentucky Statutes, sec. 2555; Fidelity Trust & S. V. Co. v. City of Morganfield, 16 Ky. Law Rep., 647.

3. The provision of the statute as to naming the day for the election in the petition, is purely directory,. and was cured by the order of the court fixing the day.

4. The directions in the statute as to announcing the vote, destroying unused ballots, &c., are also directory, and the failure of the officers to comply strictly with the law does not invalidate the election. McCreary on Elections, 79, 127, 129; Clark v. McKinzie, 7 Bush., 523; Anderson v. Winfree, 85 Ky., 598.

Puckett, &c. v. Snider, &c.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

It appears from the petition in the case that on the 7th June, 1897, a petition was presented to the county judge of Spencer county, signed by the voters in Mt. Eden precinct, exceeding 25 per cent. thereof, petitioning the judge to make an order directing an election to be held in said district to take the sense of the voters upon the proposition whether or not spirituous, vinous, or malt liquors should be sold, bartered, or loaned therein. On the next county court day thereafter the said county judge directed Sheriff A. J. Massie to open a poll in said district and hold an election therein on August 7, 1897, for the purpose of taking the sense of the voters in said district, and on said day appointed officers to conduct said election. It further appears that the sheriff gave the proper notice of said election, and the election was held August 7, 1897, and at the time provided the canvassing board canvassed the returns, and are threatening and about to have said certificate spread upon the order book of the Spencer County Court. It is further alleged that at the July term certain parties—not the ones named in the order of appointment for officers—were the legal officers of the election, having been appointed in August, 1897. The return of the canvassing board showed the following result: "In favor of the sale of liquor is 124. Against the sale of liquor, 141." It is further alleged that said election is null and void for many reasons. First, because the petition in writing did not name or state therein any day on which the election was to be held; second, because it did not state that the election should be held not earlier than sixty days after said application is lodged with the judge of said court; third, because said election was held on a day fixed by the county judge,

when he had no authority to designate August 7th, or any other day; fourth, because said election was held, in violation of law, on the day fixed by the county judge in the order of his court, instead of on a day which should have been named in their petition; fifth, because the election was held by special officers appointed by the judge, when it should have been held by the regular officers then in office; sixth, because the result of the election was not publicly announced in front of the voting place; seventh, because the ballots remaining unvoted were not destroyed by one of the judges or any other person, but were returned to the county clerk. The prayer of the petition is that the election and the certificate thereof be adjudged null and void. It further appears that the appellants and others served notice to contest the said election, but that only nine of the contestants were citizens of the aforesaid precinct. It further appears that the notice was not served within ten days after the vote was canvassed. The defendants plead in bar of this action the attempt to contest the election, and the decision of the canvassing board dismissing the contest, and also deny the jurisdiction of the court to grant the relief prayed for. The reply attempts to avoid that plea by an admission of the attempt to contest, but that the endeavor to contest the election was null and void because one of the plaintiffs ((Puckett) was not at the time a citizen of Mt. Eden precinct, and because the notice was not served on the county judge within ten days after the final action of the examining board, and the said judge and justices refused to hear and determine the question in contest except upon the two grounds above stated. In an amended answer the defendants deny that the result of said election was not publicly announced in front of the

voting place after the close of the polls. The defendants in their rejoinder denied that plaintiffs did not contest said election on its merits, or that the court had no jurisdiction of the person or subject-matter attempted to be presented by the contestants, and now presented to this court. The court upon final hearing adjudged that plaintiffs are not entitled to the relief sought, and dismissed the petition; hence this appeal.

Section 2554, Kentucky Statutes, provides for elections to be held to determine whether or not spirituous, vinous, or malt liquors shall be sold, bartered, or loaned therein, and it is provided that, if 25 per cent. of the votes cast in such precinct at the last preceding general election shall be signed to the petition, the judge at the next regular term thereof after receiving said petition shall make an order on his order book directing an election to be held "on some day named in said petition, not earlier than sixty days after said application is lodged with the judge of said court, which order shall direct the sheriff, or other officer of said county, who may be appointed to hold said election, to open a poll at each and all of the voting places in said county . . . for the purpose of taking the sense of the legal voters of said county . . . upon the proposition whether or not spirituous, vinous or malt liquors shall be sold," etc., therein. Section 2566 provides that any election held under the local option law may be contested, and shall be heard and determined by certain county officers, who are by law the board of contest.

As to the first ground relied on in this action, it is sufficient to say that the omission of the petitioners to name a day upon which the election should be held did not in-

validate the election, and the same may be said as to the second ground relied on.

We think the county judge had power to fix any day not earlier than sixty days after the application was lodged with him, whether such day or any day was named in the petition. This being true, the third and fourth grounds relied on by appellants are not tenable.

The fifth reason given for invalidating the election was because said election was held by officers appointed by the judge to hold said election, when it should have been by the regular officers then in office. We are inclined to the opinion that it was proper for the county judge to appoint special officers to hold said election, for the reason that the spirit, if not the letter, of the statute required a division of the officers between the parties favoring the sale of liquor and those opposed to it. If the regular county officers for that precinct had been directed to hold the election, it might have happened that they would all have been in favor of the sale, or all against it. And the manifest intention of the law seems to be that the order directing an election to be held should have been directed to the sheriff of the county, whose duty it was to give requisite notice thereof, which it is admitted he did give.

The sixth ground is because the result of the election was not publicly announced by one of the judges at the close of the polls, and this ground is controverted by the defendants, and no proof introduced upon the question, and the presumption is that the officers discharged the statutory duty required. But, even if such announcement was not made, the election would not thereby be invalidated.

The seventh objection is that the ballots unvoted were

not destroyed, but were returned to the county clerk. Such failure could not invalidate the election. The provisions of the statute which it is alleged were not observed were, as we think, directory, and ought always to be obeyed, but the failure to observe the same would not necessarily invalidate the election. It was held in Anderson v. Winfrey that mere irregularities upon the part of election officers, or their omission to observe some merely directory provisions of the law, will not vitiate the poll.

It is the contention of appellees that the only remedy open to the appellants was to contest the election as provided by statute. It was decided in Russell v. Road Co., 13 Bush., 307, that when a statute has created a new right, and has also prescribed a remedy for the enjoyment of a right, he who claims the right must pursue the statute remedy. It was also said in the case of Kentucky River Navigation Co. v. Commonwealth, 13 Bush., 436, that, whenever a statute creates a right and provides a remedy, that remedy can alone be made available. In the case of Stine v. Berry, 96 Ky., 66; 16 R., 279 (27 S. W., 809), this court had under consideration a suit in which it was sought to question the right of Berry to hold the office of mayor of the city of Newport. The law authorized a contest for the office in such cases. Stine gave notice of contest, but afterwards withdrew the same, and instituted an action against appellee for the usurpation of an office. The court, in discussing the question, said; "It is insisted that the manner of contesting city elections provided by the city charter is merely cumulative, and the action in ordinary, in lieu of the writ of *quo warranto*, may be maintained. We understand, and so adjudge, that the statute in regard to contesting elections for State and county offices is exclusive, and that, when a mode of contest is provided in a city

charter for contesting the election of city officers, it excludes any other remedy." It was held in Wilson v. Hines 99 Ky., 221; 18 R., 233; 35 S. W., 627; 37 S. W., 148, that the contesting board is clothed with full power and ample authority to consider any question that is a ground of lawful contest. It seems to us that the only remedy open to appellants was a contest as provided by the statute hereinbefore referred to. It is evident from the pleadings and exhibits in this cause that the election was in fact held, and there is nothing to indicate that there was any fraud or misconduct upon the part of the officers, petitioners, or canvassing board. It is not pretended that a majority of the legal voters in the district voting at the election did not vote against the sale of liquors, etc. For the reasons indicated, the judgment is affirmed.