STATE OF FLORIDA *ex rel.* H. W. METCALF COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. E. MARTIN, COLLECTOR OF REVENUE FOR ORANGE COUNTY, *Defendant in Error.*

MANDAMUS—PROHIBITION ELECTION CONTEST BY—ADJUDICATION OF COLLATERAL QUESTION BY—STATUTORY PROCEEDING FOR CONTEST OF PROHIBITION ELECTION IS EXCLUSIVE.

1. Mandamus cannot be made the instrument for giving a court jurisdiction of litigation on collateral matters in an irregular way; and the writ should be denied if the party has a specific remedy to which he can resort. If another adequate remedy has been provided by statute he cannot invoke mandamus.

2. Section 1216 of the General Statutes of 1906, provides a complete and effective procedure in equity for testing the validity of prohibition elections, and the remedy there prescribed is the exclusive method by which such elections can be contested and judicially enquired into.

3. Where an election, held to decide whether prohibition shall be established in a county, has been officially declared to have resulted in favor of such prohibition, the regularity or validity of such election cannot be enquired into in a proceeding by mandamus whose direct object is to compel the issuance to the relator of a liquor-dealers license, the right to which is predicated upon the alleged invalidity of such election consequent upon alleged irregularities and illegalities in the conduct thereof. In such a case the invalidity of such election must be first judicially established in a proceeding instituted under the provisions of Section 1216 General Statutes of 1906, before a party can invoke mandamus to coerce the issuance of a liquor-dealers license.

4. Whether Section 1 of Article XIX of the Florida Constitution of 1885 does not mandatorily require prohibition elections to be conducted in the manner prescribed by law for holding *general* elections, *Quaere?*

This case was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Jno. E. Hartridge* and *J. H. Jones,* for plaintiff in error;

*Beggs & Palmer* and *L. G. Starbuck,* for defendant in error.

TAYLOR, J.—The plaintiff in error as relator below filed its petition for mandamus in the circuit court for Orange county against W. E. Martin as tax collector for Orange county. Alternative writ of mandamus was issued, and was met by the respondent with a motion to quash, which motion was granted and the proceeding dismissed—and to review this judgment the relator below brings the case to this court by writ of error:

The alternative writ alleges in substance that the relator, the H. W. Metcalf Company is a corporation of the state of Florida doing business in Orange county in said state and a citizen of said state. That precinct one in Orange county is an election district of such county and that since October 1st, 1907, a majority of the registered voters therein have petitioned for a permit to sell liquors, wines and beers. That relator is a sober, law-abiding citizen and artificial person, that it has complied with and performed all of the conditions precedent necessary to be complied with and performed to enable it to have issued to it a permit to sell liquors, wines and beer in said district No. 1 in Orange county. That on the 3rd day of October, 1907, it applied to the county commissioners of said Orange county by petition for a permit to sell liquors, wines and beer in Orlando in said precinct or district No. 1, which permit was duly granted authorizing relator to sell liquors, wines and beer in said precinct No. 1 for one year commencing October 1st, 1907. That thereafter on November 7th, 1907, petitioner

presented said permit to the respondent tax collector and at the same time tendered the sum of $1,000 in gold coin of the United States and the additional sum of twenty-five cents for such officer's fee, and demanded of him a license to sell such liquors, wines and beer in said precinct as provided by law, but that said tax collector then and there refused to issue such license claiming as his reason for such refusal that an election had been called and held in said county of Orange on October 8th, 1907, to decide whether the sale of intoxicating liquors, wines and beer should be prohibited in such county, and that such election resulted in a majority of the votes thereat being against the sale of such liquors, etc. in said county, whereby the sale of such liquors, wines and beer was prohibited in said county. That said election was called pursuant to the statute and was held on October 8th, 1907, and the votes cast thereat were canvassed on October 14th, 1907, by the county commissioners of said county who certified as a result of such canvas that the total vote cast in the county at said election was 1181 of which 589 were in favor of the sale of liquors, etc. and 592 were *against* such selling, and did declare that a majority of all votes having been cast *against* selling that the sale of such liquors, etc. be prohibited in said county. That said election was illegal and void and in violation of section 1214 of the general statutes of Florida of 1906 making provision for the ballots to be used at such elections, which section provides as follows: "At said election the ballots used shall be a plain white piece of paper and having written or printed on one side thereof either 'For Selling' or 'Against Selling,'" but that the ballot provided by the county commissioners which was used at all the precincts in said county at said election was in form as follows:

"Official Ballot for the election to be held on the 8th day of October, A. D. 1907, in the county of Orange, state

of Florida, in Precinct ——— to decide whether the sale of intoxicating liquors, wines and beer shall be pro- hibited in said county.    Mark (x) your choice at the left of the ballot.

---

For Selling.

---

Against Selling.".

---

and that by reason thereof great and sustained injury was done.    That under the law there should have been two ballots issued and used, having written or printed on one side of one of them the words "For Selling," and written or printed on one side of another and different ballot the words "Against Selling," whereas under the ballot furnished and prescribed by the county commis- sioners both the words "For Selling" and "Against Sell- ing" were placed upon one ballot and on the same side thereof with printed directions for marking same as is above set forth.    That said ballots were not only in violation of law, but were vague, indefinite and mislead- ing, whereby many ballots cast at twelve different pre- cincts in said county were rejected and not counted be- cause of being improperly marked by the voters thereof, and several ballots in six different precincts were rejected and not counted because it could not be accurately de- termined from the position in which the voters' marks thereon were placed as to how they intended to vote on the proposition.    That under the declared result of said election there was a majority of only three votes against the sale of liquors in said county, whereas because of said illegal ballots furnished to be voted and said illegal instructions thereon 134 votes cast at said election were not counted and as many qualified voters of said county were prevented and deprived of the privilege of express- ing their choice.    That by reason of said failure and re-

fusal of said tax collector to receive said $1,000 for a license, and his failure to issue said license the said H. W. Metcalf Company, has been prevented and is prevented from receiving and obtaining said license to sell liquors, wines and beer in said District No. 1 in said county of Orange, and to which by law it is entitled. That relator is without remedy in the premises unless it be by the extraordinary writ of mandamus.

The motion to quash was upon the grounds in substance :

1st.   That mandamus is not the proper remedy.

2nd.   That it was an attempt to attack an election collaterally.

3rd.   That section 1216 of the general statutes provides the only proper remedy for contesting such an election.

4th.   That relator has not in and by his alternative writ stated facts entitling him to a license or on which it is the duty of respondent to issue him a license.

The order granting the motion to quash and dismissing the proceedings is assigned as error. The circuit judge committed no error in making this order.

It is evident from the alternative writ that this proceeding is an indirect attempt to contest the regularity and validity of the local option election alleged to have been held in Orange county, and that the adjudication of the validity or invalidity of such election is a collateral question to the direct relief sought by the writ, viz: the issuance to the relator of a liquor dealers' license; and that the relator's right to such license depends upon the adjudication of such collateral question, whether or not such election was valid or invalid. If it was valid then the relator has no right to such license, but if it was invalid then it would have the right thereto.

It is the settled rule that mandamus cannot be made the instrument for giving a court jurisdiction of litiga-

tion on collateral matters in an irregular way.  2 Spelling on Injunctions and Other Extra.  Rem. (2nd ed.) § § 1386-1440; High's Extra. Legal Rem. (3rd ed.) § 198.  Another well settled rule in mandamus is that it should be denied if the party has a specific remedy to which he can resort.  If another adequate remedy has been provided by statute he cannot invoke mandamus. 2 Spelling's Injunc. & Other Extra Rem. § 1374.  As before stated the relator's alternative writ shows that his right to the license sought to be coerced thereby depends upon the adjudication of the question of the validity of the alleged local option election.  In the absence of an authoritative adjudication of the alleged invalidity of such election the alternative writ does not show any right in the relator to the license applied for that could be enforced by mandamus.  Consequently this collateral question is injected into this proceeding for mandamus, thereby seeking, not only to coerce the issuance of license, but to have such election, that stands as an effectual bar to the relator's right to such license, adjudged to be invalid, and this in face of the fact that by the provisions of section 1216 of the general statutes of 1906 a most complete and effective procedure in equity is provided for having the validity or invalidity of such elections tested and adjudicated. Since this statute provides for a contest of such an election, the remedy there prescribed in cases like this, is exclusive.  Puckett v. Snider, 22 Ky. Law, 1718, 61 S. W. Rep. 277.  Our conclusion is that where an election has been held in a county to decide whether the sale of intoxicating liquors shall be prohibited therein, and the canvass of such election has resulted in an official declaration that prohibition in such county has been established thereby, the regularity or validity of such election cannot be inquired into in a proceeding by mandamus whose direct object is to compel the issuance to the relator of a

liquor dealers' license, the right to which is based upon the alleged invalidity of such election consequent upon alleged irregularities and illegalities in the conduct thereof; but that in such a case the alleged invalidity of such election must be first judicially established in a proceeding instituted under the provisions of section 1216 general statutes of 1906, then, if the proper officer, when properly applied to, refuses to issue a license to which he is entitled, he can then coerce the issuance of such license by mandamus. It may be well to call the atten· tion of the parties in this cause to the provisions of section 1 of article xix of the Florida constitution of 1885, where it seems to be prescribed that these prohibition elections "shall be conducted in the manner prescribed by law for holding general elections."

The judgment of the circuit court in said cause is hereby affirmed at the cost of the relator plaintiff in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.