### Ratliff v. Tackett.

### Elswick v. Mullins and Adams.

### Roberts v. Senters.

### Anderson v. Mullins and Adams.

(Decided June 16, 1925.)

Appeals from Pike Circuit Court.

1. Elections—Jurisdiction to Determine Contested Elections is Statutory.—Jurisdiction to hear and determine contested election cases is dependent on statutory authority, conferred expressly or by necessary implication.

2. Elections—Circuit Court was Without Jurisdiction of Contest of Election to Council of City of Fifth Class.—Where right of four members of city council, composed of six members, of a city of the fifth class to hold their offices was unquestioned, and right of only two members was contested, jurisdiction of an election contest, in view of Kentucky Statutes, sections 3635, 3659, when construed with section 1596a-12, was in city council, and not in circuit court.

3. Elections—Circuit Court Not Vested with Jurisdiction of Contest of Election to Council of City of Fifth Class, Because Council had Never Provided for Determination Thereof.—Circuit court would not be vested with jurisdiction of an election contest, involving election to council of a city of fifth class, whose council had right to try contest under Kentucky Statutes, sections 3635, 3659, because it had never by ordinance provided for hearing of contested election cases of any method of procedure, since, on filing of contest before it, it might enact an ordinance for that purpose.

ZACH JUSTICE and STRATTON & STEPHENSON for appellants.

A. F. CHILDERS and ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Elkhorn City, in Pike county, Kentucky, is a city of the fifth class. Prior to the November election, 1924, the office of mayor and that of police judge and that of three members of the city council became vacant from some cause or other, necessitating an election at that time to fill the vacancies. Jeff Tackett became a candidate for mayor, M. L. Senters for police judge, and Wash Mullins and W. T. Adams each for councilman at that election, and by petition their names were printed upon the official ballot. R. C. Simpson was also a candidate to fill one of the vacancies on the board of councilmen, and his name also was printed on the ballot by petition. At the election the friends of Alex Ratliff, Tom Roberts, Landon Elswick and Perry Anderson wrote their names on the ballot and voted for them for mayor, police judge and councilmen, respectively. Tackett, Senters, Mullins and Adams were declared elected on the face of the returns. Thereafter appellant Alex Ratliff instituted contest against appellee Jeff Tackett, contesting his election as mayor; appellant Tom Roberts instituted contest against appellee M. L. Senters, contesting his election as police judge; appellant Landon Elswick instituted contest against appel-

lees Wash Mullins and W. T. Adams, contesting their election as councilmen; and appellant Perry Anderson instituted contests against appellees Wash Mullins and W. T. Adams, contesting their election as councilmen. The contests were instituted by filing petitions in the Pike circuit court. The trial of the contests in that court resulted in a judgment dismissing the petition of the contestants and declaring the contestees elected to their respective offices. Being dissatisfied appeals have been taken by each of the contestants, and they are now before this court for review. The court has concluded that the appeals may be heard and tried together and disposed of in one opinion.

At the threshold we are met with the question whether the circuit court had jurisdiction to hear and determine these contests. Under charters of cities of the fifth class the city council is composed of six members. It appears that three of the members of the city council elected at the last regular election preceding, November, 1924, retained their offices. At the election in November, 1924, to fill the vacancies on the board it was necessary to elect three new members. R. C. Simpson, who became a candidate and whose name was printed on the official ballot, appears to have had no opposition and to have been voted for by the friends of appellees, Mullins and Adams, and the friends of appellants, Elswick and Anderson, so that after the election no question as to his having been elected to the city council was raised. The contests instituted by appellants Elswick and Anderson did not question his election. By the contests instituted by them they questioned the election to the city council of Wash Mullins and W. T. Adams only. So that following the election in November, 1924, R. C. Simpson, the newly elected member of the city council whose election was not questioned, together with the three members who had been elected at the last preceding regular election, made four out of the six members of the council with clear titles to their offices, a sufficient number to constitute a quorum and a majority.

It was said by this court, in Craft v. Davidson, 189 Ky., 378:

"No one has an inherent right to an office, because of which fact there existed no remedy at common law by which an unsuccessful candidate upon the face of the returns could contest the right of his opponent to the office involved. 15 Cyc. 393-

394; 20 Corpus Juris, 209-210; 9 R. C. L. 1157; Pflanz v. Foster, 155 Ky. 15, and Stine v. Berry, 96 Ky. 65.''

Jurisdiction to hear and determine contested election cases must in every case depend upon statutory authority conferred expressly or by necessary implication. Appellants insist that subsection 12 of section 1596a, Carroll's Kentucky Statutes, 1922, confers jurisdiction upon circuit courts to hear and determine election contests relating to offices such as are here involved. The portion of that statute pertinent reads:

"In case there shall be a contest of the election . . . , or of any police judge, clerk, marshal or other elective municipal officer, where there is no other provision by law for determining the contested election of such municipal officer, the contest shall be made by the filing of the petition in the circuit court of the county where the contestee resides."

Bearing in mind that the statute above confers jurisdiction upon the circuit court to hear and determine contested elections of elective municipal offices only where there is no other provision by law for determining the same, it becomes necessary to examine charters of cities of the fifth class to determine whether any other such provision has been made. We find section 3635, Carroll's Kentucky Statutes, 1922, a part of the charter of cities of the fifth class, to provide:

"The city council shall judge of the qualifications and election of its members."

Section 3659 provides:

"In cities and towns where registration is not required the ballots shall be deposited in a separate box. The ballots and boxes in case where separate boxes are required, shall be provided for, and all the expenses of municipal election shall be paid by the municipality, and contested elections in all cities for municipal officers shall be decided as may be provided by ordinance."

Construing the two sections of the statute last quoted, in connection with the provisions of subsection 12 of section 1586a, above quoted, in Stine v. Berry, 96 Ky. 65; Scholl v. Bell, 125 Ky. 750, and Craft v. David-

son, 189 Ky. 378, this court has held that municipal councils possess exclusive jurisdiction for the trial of contest cases involving the right to a municipal office. It has always been held, however, that where the contest involves the title of all or a majority of the members of the city council jurisdiction attaches to the courts, for the reason that it was never contemplated by the legislature that a tribunal might sit in trial of its own case. In other words, when the election of all or a majority of the members of the city council is involved there is no city council to hear and determine the election contest, and consequently the statutory provision made whereby city councils are invested with jurisdiction to try such contests is superseded by the provisions of subsection 12 of section 1596a conferring jurisdiction upon the courts where it is not otherwise provided.

This case, however, does not measure up to the cases in which it has been held that the courts possess jurisdiction. Here it appears that no question has been raised as to the due election of four members of the city council of the city of Elkhorn. Four of its members are conceded to be entitled to hold their offices. The right of only two members is herein contested. So that we have a majority of the members of the tribunal vested with the exclusive jurisdiction to hear and determine election contests of the elective municipal officers of the city conceded to be without legal disqualification. In that state of case, as held in Craft v. Davidson, *supra,* a case altogether in point with this, in that it related to contested elections for municipal officers of cities of the fifth class, the city council by the statutes quoted above is vested with exclusive jurisdiction for the trial of these contest cases.

It, therefore, follows that the circuit court was without jurisdiction to hear and determine these four actions. Its judgment in dismissing the petition of the various contestants may be upheld, not for the reason assigned, but upon the ground that it was without jurisdiction to hear and determine the questions presented. The judgment dismissing the petitions may be affirmed, but nothing herein may be held to prejudice the rights of the contestants to institute their contests before the proper tribunal; provided, of course, such right has not been lost or barred by some other provision of law.

It is stated in one of the briefs filed for appellants that the city council of the city of Elkhorn has never by

ordinance provided for the hearing of contested election cases or any method of procedure. Our examination of the record fails to disclose that it sheds any light on that subject. If that fact were made to appear in such a way that we could take cognizance of it, that does not seem to the court to be sufficient to confer jurisdiction upon the circuit court. Upon the filing of the contests before it—the only tribunal vested with authority to hear and determine them—the city council might then have enacted an ordinance prescribing the procedure for the hearing and determination of these contests.

Judgment affirmed.