### Hoskins v. Suttles.

(Decided Jan. 19, 1934.)

J. B. SNYDER for appellant.
FRED M. JONES for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

At the November, 1933, election, Robert Hoskins, appellant and contestant, and W. F. Suttles, appellee and contestee, were candidates, each running under his

own independent device, for the office of police judge of the town of Loyall, Harlan county, Ky.

Loyall is a town of the sixth class.

Upon a canvass made by the election commissioners of the ballots cast by the voters at this election for these candidates, it appearing that W. F. Suttles had received an apparent majority of one vote, the commissioners issued him a certificate of election to the said office.

Within due time thereafter, the appellant, Hoskins, filed a contest suit in the Harlan circuit court, therein setting out two grounds of contest, based upon an alleged mistaken failure to count and also wrongful count of the votes cast therein.

A general demurrer was filed by the contestee to the petition and also an answer and grounds of counter contest. Further, contestee thereafter filed a special demurrer to contestant's petition, upon the ground that the circuit court had no jurisdiction of the subject-matter of the action. Also, later, the contestant, Robert Hoskins, with leave of court, filed an amended petition, alleging that the board of trustees of the town of Loyall had never passed an ordinance providing for the hearing or trying of election contests for municipal offices of the town of Loyall and that it had no ordinance in force on that subject.

Upon submission of the cause for judgment upon contestee's general demurrer to the petition and also upon his later special demurrer to the petition as amended to the court's jurisdiction of the subject-matter of the action set out in the petition, the court adjudged that both be overruled. Following this, the court, upon a reconsideration of this, its order overruling the special demurrer, adjudged that, in so far as it overruled the special demurrer to the petition, it be set aside, and further adjudged that the special demurrer be sustained upon the ground that the court was without jurisdiction of the subject-matter of the action.

From this order and judgment, the contestant has prosecuted this appeal.

It appears that the special demurrer was here sustained by the court upon the idea that, by certain sections of the Kentucky Statutes (Ky. Stats. secs. 3670, 3698, Ky. Stats. Supp. 1933, sec. 1596a-12) applicable to

cities of the sixth class, the board of trustees of the town of Loyall, a city of that class, was the proper and exclusive tribunal before which to try contest suits for its city offices; therefore, its board of trustees was thereby vested with the exclusive jurisdiction for the hearing and trial of this election contest for the office of its police judge.

Inasmuch as both the facts and legal questions involved upon the appeal of this case are identical with those found and presented in the case of Lyttle v. Wilson, 252 Ky. 392, 67 S. W. (2d) 502, opinion handed down January 19, 1934, which there decided adversely a like claim to that of contestee here made, that the circuit court, in which a candidate's suit was filed, was without jurisdiction of the subject-matter of the action, we are, therefore, of the opinion, for the reasons recited in and upon the authority of this analogous case of Lyttle v. Wilson, supra, that the judgment of the trial court should be, and it is, reversed.