## Lyttle v. Wilson.

(Decided Jan. 19, 1934.)

ELMON MIDDLETON for appellant.
JOHN H. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the regular November election in 1933, the appellant and plaintiff below, Lewis Lyttle, and the appellee and defendant below, W. M. Wilson, were candidates for the office of police judge of the town of Wallins, Ky., which is one of the sixth class. The board of canvassers certified that plaintiff received at that election 72 votes and that defendant received 152 votes and the certificate of election was issued to him. In due time plaintiff filed this contest action in the Harlan circuit court against defendant, charging that enough illegal votes had been cast for him to reduce the number of legal votes he received below the number received by plaintiff so as to entitle him to the certificate of election, and the petition set out the grounds of the alleged invalidity relied on in such a manner as to make the pleading good. Defendant filed special demurrer thereto, upon the ground that the city council of Wallins was the only forum having jurisdiction of the action; but, without waiving it, he filed a general demurrer to the petition, and without waiving either he filed answer and counterclaim in which he attacked as illegal a number of votes certified to plaintiff. The issues were permitted to be made up before the court acted on either of the demurrers, and following that the court sustained defendant's special demurrer and dismissed plaintiff's petition, from which he prosecutes this appeal.

The contention of counsel for defendant in support of the special demurrer, and which the court sustained, is bottomed upon sections 3670 and 3698 of the 1930

Edition of Carroll's Kentucky Statutes, and which also involves section 1596a-12 of the 1933 Supplement to the Statutes. The latter is the longstanding section of the same number, as amended by chapter 51 of the Session Acts of 1930, but which amendment did not alter, modify, or amend in any manner its prior provisions touching the issues in this case. It was originally enacted at the special 1900 session and is chapter 5, page 27, of the acts of that session, and its section 12, relating to the jurisdiction and trial of contested elections, enacted substitute proceedings for such trials in lieu of prior ones that were contained in a former statute enacted in 1898 (c. 13), commonly known as the ''Goebel Election Law.'' In the latter statute such trials were had before boards of election commissioners, but the 1900 amendment vested jurisdiction in circuit courts to entertain and determine such matters, except contests of certain offices in which the Constitution lodged jurisdiction elsewhere, and conditionally excepted contests of municipal offices. The language of the original statute (1900, Sp. Sess., c. 5), and which has continuously been a part of it to this day, is: ''In case there shall be a contest of the election of Secretary of State, Auditor, Treasurer, Attorney-General, Superintendent of Public Instruction, Commissioner of Agriculture or other State officer, or in case there shall be a contest of the election of a judge or a clerk of the Court of Appeals, Circuit Judge, Commonwealth's Attorney or Railroad Commissioner, or of any officer elected by the voters of a county or any district therein, excepting members of the General Assembly, or of any police judge, clerk, marshal or other elective municipal officer, where there is no other provision by law for determining the contested election of such municipal officer,'' etc.

It will be observed that the Legislature therein conferred jurisdiction upon circuit courts to entertain contests of elective municipal officers only where ''there is no other provision by law for determining'' them, and the decisive question in this case is: Is or was there any such ''other provision by law'' at the time of the filing and hearing of this action? If there were such a provision, then the trial court's judgment was proper; but if there were no other provision for the trial of such contests, then the judgment was improper and should be reversed.

Before directing our attention to that decisive

question, it should be borne in mind that this is not a contest over the office of "councilman" of the municipality of Wallins, Ky.; but is one concerning the right to the office of "police judge" of the municipality, the materiality of which will become apparent as the opinion proceeds. The relevant portion of section 3670 of the Statutes, supra, says: "and contested elections in all towns for municipal officers shall be decided as may be provided by ordinance"; while the same portion of section 3698 says: "The board of trustees-elect [councilmen] shall judge of the qualifications and election of its members." It will be observed that the inserted language from that section, by its specific terms, vests jurisdiction in the board of trustees (or councilmen), in the manner and by such procedure before it, either by general ordinance enacted covering the subject, or by any procedure that it might employ in each case that may come before it; while the inserted language from the other section (3670) only vests the council of municipalities with a delegated authority to legislate upon the subject and to provide for a contest proceeding of any of its officers "as may be provided by ordinance," which we interpret to be the intent of the Legislature in enacting the statute under the power conferred upon it by section 153 of our Constitution. In doing so it delegated to the board of council of such municipalities the power and authority to provide, *by ordinance,* a procedure for an election contest of all municipal officers, and under the same authority it conferred jurisdiction upon the council, by the inserted language from section 3698, jurisdiction and the right to try itself all contests involving the election of any of its members, and which did not require the enactment of any ordinance to put into effect.

In other words, by the enactment of the latter section the Legislature directly conferred the authority upon the city council therein given; but in the enactment of section 3670 it only delegated its power, under the section of the Constitution referred to, to the city council to enact *by ordinance* a remedy and procedure for the contest of all municipal officers, except members of the council, and which required and authorized it to create or designate a tribunal for that purpose, and which we conclude might be the city council itself if it saw proper to so provide by the ordinance that it might enact pursuant to the authority so given. It should also

be stated that the charter of other class cities than those of the sixth class, to which Wallins belongs, contains similar provisions to those supra found in sixth class cities, and in charters of the fifth class cities the two sections are identical in terms.

Before applying the existing statutory law as we have outlined it, attention should be called to the case of Stewart v. Rose, 113 Ky. 502, 68 S. W. 465, 467, 24 Ky. Law Rep. 347, in which this court held that the contest provisions of section 1596a-12, supra, impliedly repealed sections 3670 and 3698, parts of charters of cities of the sixth class, and similar provisions as contained in charters of other class cities; but in doing so the question appears to have been but slightly and cursorily considered. No authority whatever was referred to as supporting such conclusion, nor was any reasoning employed in arriving at it. All that is said in the opinion in support of that conclusion is: "The act of 1900 repealed the county contest board, and, we think, by construction, repealed the statute above quoted," which was section 3670 supra. The office involved in that case was the same as the one here in contest (police judge), and the municipality was Jellico in Whitley county, Ky., also of the sixth class. It had passed an ordinance pursuant to the provisions of that section, vesting authority in the county board of contest to hear and determine city contested election cases; but that ordinance was enacted before the repeal of the "Goebel Election Law" and, perhaps, the opinion in that (Stewart) case might have been rested on the fact that the ordinance enacted by the city of Jellico conferred jurisdiction upon a nonexistent board that had been legislated out of existence, as such contest board by the act of 1900 supra. But, whether so or not, we are convinced that the reason given for the conclusion reached is wholly without support, and is unsound, and the opinion, in so far as it so holds, is hereby expressly overruled. Such conclusion is supportable, by well-known rules governing the interpretation of statutes, upon the question of when a later one repeals *by implication* a former one; but, since the conclusion announced in that case was in the teeth of the very language of the statutes involved, it becomes unnecessary to resort to them.

No notice was taken in that opinion of the language of the 1900 act (as applicable to contest election proceeding) conferring jurisdiction on circuit courts

to try contested elections of *municipal* officers and in which the authority to do so was given only "where there is no other provision by law" for the determination of such contests. That language expressly excluded the jurisdiction of circuit courts in all cases where any such "other provision" had been provided by confining the jurisdiction of the circuit court to cases where no such "other provision" had been made. It is, therefore, clear that the error in that opinion, and which we have already pointed out, is too glaring to receive our continued approval. Besides, that conclusion is in direct conflict with the holding in the cases of Scholl v. Bell, 125 Ky. 750, 102 S. W. 248, 31 Ky. Law Rep. 335; Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082; Ratliff v. Tackett, 209 Ky. 588, 273 S. W. 441, 443; Kirby v. Creech, 235 Ky. 816, 32 S. W. (2d) 419; Martin v. Eagle, 236 Ky. 267, 32 S. W. (2d) 1020; and Kluemper·v. Zimmer, 240 Ky. 225, 41 S. W. (2d) 1111, and other cases therein referred to, and also in conflict with the prior cases of Stine v. Berry, 96 Ky. 63, 27 S. W. 809, 16 Ky. Law Rep. 279. In those cases (except the last one cited) and others referred to therein, we continuously followed and upheld the charter provisions for the contest of municipal officers, and which in effect approved the right of the Legislature, under section 153 of the Constitution, supra, to provide for and establish. The only occasion when such established municipal contest forums would be deprived of jurisdiction to try the contest, as so determined in the last-cited cases, was when the validity of the election of half or more of the members of the contest tribunal (which in most cases was the city council) was involved and where the right to the office of that many members of that tribunal was being contested. In such circumstances the rule was declared by us to be a case "where there is no other provision by law" for determining the contest, and which automatically placed the jurisdiction in the circuit court of the county to determine it.

The case of Ratliff v. Tackett, supra, was a contest one over the right to the office of police judge and other municipal offices of Elkhorn City in Pike county, Ky., and which belonged to the fifth class. Some of the same questions presented in this case were presented in that one, and we held that no portion of section 1596a-12 operated to repeal the section of the charter of cities of the fifth class (3659 of our Statutes) corresponding to

section 3670, supra, as a part of the charter of cities of the sixth class. The other contested offices were those of mayor and two councilmen, there being six on the board, and which left the offices of four of them uncontested. The contestees insisted and urged that the circuit court had no jurisdiction for the reasons hereinbefore discussed. The trial court sustained that contention and dismissed the petitions, and we affirmed the judgment upon the ground that the positions of a majority of the members of the council were uncontested and their right to the office they filled was not involved. Consequently they constituted a legal contest board, especially as to the contests of other members of the board. But under a dictum determination in that case it was also held that they had jurisdiction to try the contests of the other municipal offices involved, and which holding we will hereinafter discuss; but the point in referring to that case at this time is to establish the error above pointed out in the Stewart Case and to fortify the position that no part of section 1596a-12, supra, relating to the trial of election contests, repealed or superseded any valid existing proceeding for the trial of contested elections of municipal officers. The other cases referred to approve such holding, and no other one up to the present time has called it in question. It did not appear in the case of Kirby v. Creech, 235 Ky. 816, 32 S. W. (2d) 419, whether the city had passed an ordinance or not, and the question as to whether it had done so was not presented or discussed, primarily on the assumption that if it had done so the contestee would have manifested it in the record.

The next question in regular sequence of the discussion is: Is there, or was there, any "other provision by law for determining" the contest here involved at the time this action was instituted and tried? It is the contention of defendant's counsel that such provision is provided by section 3670, supra, but we do not so interpret it. We have hereinbefore pointed out that none of the language of that section *in terms* confers jurisdiction upon the city council itself to determine such contests as does the language of section 3698 with reference to contests over the offices of members of the city council. The language of that section (3670) is that such municipal contests, other than for the position of members of the city council, "shall be decided as may be provided by ordinance"; and which we construe (as

above intimated) as only conferring of power and authority on the city council to enact and provide a method of contest "by ordinance." Until that is done there exists "no other provision by law" for determining such contests, the word "such" referring to contests of municipal offices other than members of the city council, the latter being in terms provided for by section 3698, supra. In arriving at that conclusion we have not overlooked the fact that in the Ratliff Case, supra, a contrary conclusion is expressed in this language: "Upon the filing of the contests before it—the only tribunal vested with authority to hear and determine them—the city council might then have enacted an ordinance prescribing the procedure for the hearing and determination of these contests." That statement was not only dictum in so far as it applied to the involved contests other than for city councilman (because it did not appear in the record that the requisite ordinance had not been enacted by the council), but it was also predicated upon the conclusion that the city council had authority itself under the provisions of section 3670 of the Statutes to try and determine the contest of all the involved non-councilmanic offices, and which, as we have above pointed out, was and is untrue, and being so the entire basis upon which the dictum statement rests fails.

But, in this case it expressly appears in the record that the city of Wallins had never passed any ordinance creating any sort of remedy or tribunal for determining contests of city offices other than members of its council, and which, as we have seen, relegated the jurisdiction to the circuit court of the county, since such failure made the situation one "where there is no other provision by law" for determining the contest. We, therefore, conclude that the court erred in sustaining the special demurrer to the petition.

In addition to the matters discussed up to this point as grounds for reversing the judgment, counsel for appellee also relies upon the case of Pratt v. Breckinridge, 112 Ky. 1, 65 S. W. 136, 66 S. W. 405, 23 Ky. Law Rep. 1356, 1858, in which a bare majority of the court held that it was incompetent for the Legislature, under section 153, supra, of the Constitution, to lodge jurisdiction to try election contest proceedings in any tribunal or forum, not capable of being classified as belonging to or embraced in the judicial department of state as one of the three departments of the government into which it

is divided by section 27 of the Constitution, and that when it attempted to do so by conferring such jurisdiction on a nonjudicial tribunal it exceeded its authority. The dissenting opinion in that case by three members of the court very much weakens the reasoning of the majority opinion. In addition thereto, the cases supra, and others referred to therein, utterly ignored the doctrine of the majority opinion in the Pratt Case, and approved the position taken by the minority members in the dissenting opinion. But in none of them was the Pratt majority opinion expressly overruled, and we will not do so in this case, since the conclusion we have reached renders it unnecessary; for if the doctrine of the majority opinion in that case is sound and we should be inclined to follow it in this case, then our above conclusion that the court erred in sustaining the special demurrer to the petition would inevitably follow. Since, however, we have so concluded because of the reasons hereinbefore stated, it becomes, we repeat, unnecessary to approve or disapprove the majority opinion in that case.

Wherefore, for the reasons stated the judgment is reversed, with directions to set it aside, and to overrule the special demurrer to the petition, and for other proceedings not inconsistent with this opinion.

The whole court sitting.