### Cole v. Ridings et al.

(Decided Dec. 17, 1937.)

FLOYD TAYLOR and GOLDEN & LAY for appellant.

N. R. PATTERSON and LOGAN E. PATTERSON for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellant was an independent candidate for the office of councilman of the city of Pineville at the regular election of November 2, 1937. Upon a canvass of the votes the election commissioners certified (we assume to the proper authorities) that appellant had received 197 votes for the office sought, and that two other persons, candidates on the Republican ticket, had received a greater number of votes, the one next highest to appellant having been credited with 202 votes.

On November 11, 1937, appellant by his petition filed in the Bell circuit court, making the election commission and all candidates for councilmen defendants, sought a recount of the ballots and prayed that the court, if upon recount it be ascertained that appellant was shown to have received a sufficient number of votes, declare him elected. Appellant executed an acceptable bond, as is required of one seeking a recount. Ky. Stats., sec. 1596a-12. On November 13th the court ordered and directed that a recount be had, and further, that the ballot boxes in wards 1-A and 4-D, from which ward appellant was seeking election, "be immediately turned over to the circuit court clerk, and by him securely kept until the 19th day of November," when a recount of the vote in the named wards would be had.

When the parties appeared on November 19, a question was raised as to the integrity of the ballots. It appears that for some reason the order of the court of November 13, requiring the ballots to be turned over by the county court clerk to the circuit clerk, and by the latter preserved, was not carried out. The ballots were not so transferred until three or four days later. We need not discuss this phase of the case, further than to say that the failure to observe the foregoing order seems to have precipitated the challenge of the integrity of the ballots.

On hearing proof the court decided that the burden of establishing the purity of the ballots rested on appellant, and determined that he had failed to satisfactorily establish their integrity. The court refused a recount and ordered the petition dismissed. In his order it appears that the court assumed that, in so far as his

jurisdiction permitted, he could do no more than direct and supervise the recount, notwithstanding the appellant sought to have the court determine, if warranted by the recount, that he was duly elected.

If the court took the view that he could not determine the matter of contest, he was correct, as will later appear. However, we have concluded that since he was without power to determine the contest, he was likewise without power to take any step in or leading up to the proposed contest. This follows because the Legislature has seen fit to confer jurisdiction in certain councilmanic election contests upon another forum.

Section 1596a-12, Ky. Stats., controls the matter of contests and the recount of ballots by circuit courts, except as provided in section 1596a-17, contests of elections on public questions. The first-named section provides the method of procedure where contest is proposed in elections for certain named state offices, and all other state officers, as well as those in county, or district less than county officers, excepting from its provisions elections for members of the General Assembly. With regard to municipal offices and officers, the section provides the method of contest in the offices of "any police judge, clerk, marshal, or other elective municipal officer, where there is no other provision by law for determining the contested election of such municipal officer."

This section, in the latter part thereof, sets up the procedure whereby "either party" within a specified period may seek and have a recount of the ballots, upon executing a required bond, whereupon the court may take steps to preserve the integrity of the ballot, and fix a time for and hold a recount. All these things seem to have been carried out in this case, in so far as appellant was concerned, but his difficulty lies in the fact that he applied to the wrong body for his remedy and relief.

Pineville is a city of the fourth class. See section 2740, Ky. Stats. c. 71, Act 1936. The election of councilmen is controlled, to a degree, by sections 3485 and 3486, Ky. Stats., relating to fourth class cities.

Under the provisions of the first-named section, it is the duty of canvassing boards to canvass, and certify the total number of votes cast for each candidate to the county court clerk, and the clerk of the city council. See,

also, section 1596a-5, Ky. Stats. Section 3486, Ky. Stats., specifically provides that the board of councilmen "shall judge of the qualifications and of the eligibility and election returns of its members." Thus it will be observed that the courts have naught to say concerning the election of the council in cities of the class named.

This court very recently had before it the construction of section 3486, Ky. Stats., in respect of contests for the office of councilman in cities of the fourth class, and held that the power of review was lodged by that section solely and entirely with the board of council.

We have reference to the case of Davis v. Pendleton, 252 Ky. 838, 68 S. W. (2d) 416, 417, wherein, after directing attention to the provisions of the statutes herein referred to, we held that the board of councilmen in cities of the fourth class, "is given the exclusive authority to adjudge and determine the eligibility and election of said candidate to membership upon the board, in case the candidate's election thereto is contested." We also pointed out the method of procedure in case the contest involves the title "of so many members of the board * * * as leaves its uncontested membership less than the number required to make a quorum," of the newly elected board, which, as will be observed, is the proper board to hear and determine the contest. Orr v. Kevil, 124 Ky. 720, 100 S. W. 314, 30 Ky. Law Rep. 761, 946; Stack v. Com., 118 Ky. 481, 81 S. W. 917, 26 Ky. Law Rep. 343. In the Davis-Pendleton Case we found the lower court to be without jurisdiction to hear such a contest as was there presented, reversed the judgment of the lower court, and directed the dismissal of contestant's petition "for lack of jurisdiction." See, also, in point, Ratliffe v. Tackett, 209 Ky. 588, 273 S. W. 441.

In Lyttle v. Wilson, 252 Ky. 392, 396, 67 S. W. (2d) 498, 500, the court expressly overruled the case of Stewart v. Rose, 113 Ky. 502, 68 S. W. 465, 24 Ky. Law Rep. 347, in which, in error, the court had held that section 1596a-12, Ky. Stats., Supp. 1933, by implication repealed the provisions of charters of cities wherein the exclusive power to hear contests in certain municipal offices was vested in the board of council. We said in that case:

"No notice was taken in that opinion of the language of the 1900 act (as applicable to contest elec-

tion proceedings) conferring jurisdiction on circuit courts to try contested elections of municipal officers and in which the authority to do so was given only 'where there is no other provision by law' for the determination of such contests. That language expressly excluded the jurisdiction of circuit courts in all cases where any such 'other provision' had been provided by confining the jurisdiction of the circuit court to cases where no such 'other provision' had been made. It is, therefore, clear that the error in that opinion, and which we have already pointed out, is too glaring to receive our continued approval. Besides, that conclusion is in direct conflict with the holding in the cases of Scholl v. Bell, 125 Ky. 750, 102 S. W. 248, 31 Ky. Law Rep. 335,''

and six other cases cited.

After a careful consideration of the statutes pertaining to the matter in question, we have reached the conclusion that since by the statutes the circuit court is without jurisdiction to hear and determine a contest proceeding in cases where the office of councilman of a city of the fourth class is involved, the court is likewise lacking in power to take any steps looking to, or in furtherance of such a contest. It has been frequently held that courts have no inherent power to determine election contest cases; their power and authority in such matters being derived solely from statutes conferring power. Adams v. Magisterial Dist., No. 5, 254 Ky. 113, 71 S. W. (2d) 21, and cases cited therein.

The judgment of the court below dismissing the petition of contestant may be upheld, and is so, not for the reason assigned, but upon the ground that it was without jurisdiction to hear and determine the question presented. It is therefore affirmed, but nothing herein may be held to prejudice the right of appellant to institute a contest before the proper tribunal, provided such right exists by reason of applicable law. See Muncy v. Hughes, 265 Ky. 588, 97 S. W. (2d) 546.

Judgment affirmed. The whole court sitting.