**James E. JACKSON, Appellant,**

v.

**Jimmy RANDOLPH et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1958.

A. Jack May, Danville, for appellant.

James F. Clay, Danville, for appellees.

**542**

CULLEN, Commissioner.

The offices of city councilmen for the City of Danville were open for election at the regular November election in 1957. Two councilmen were to be elected for each of the city's six wards, and there were two Democratic candidates, and one Republican, for each ward (except No. 6). James E. Jackson was the Republican candidate for Ward No. 2. Upon the canvass of the votes, the two Democratic candidates for Ward No. 2 were declared to be elected. Jackson then brought this action in the circuit court, seeking a recount. The circuit court dismissed the action on the ground that the court had no jurisdiction. Jackson has appealed.

Danville is a third-class city. Subsection (1) of KRS 85.070, relating to third-class cities, provides as follows:

"The common council shall determine as to the qualifications and election of its members. Cases of ineligibility, contested elections and disqualification after election shall be heard and determined by the common council in a manner provided by ordinance, and the result declared by resolution, the yeas and nays to be called and entered upon the journal."

The statute providing for recount proceedings in the circuit court, KRS 122.100, states that a recount may be requested by a candidate for any office to which KRS 122.070 applies. The latter statute, which governs *contests*, excludes from its application "those city offices as to which there are other provisions made by law for determining contested elections." Accordingly, the recount procedure in circuit court is not available to Jackson if KRS 85.070 constitutes an "other provision made by law for determining contested elections."

◼ The circuit court concluded that it had no jurisdiction of this case because KRS 85.070 vests in the city council exclusive jurisdiction to pass upon the election of its members. Support for this conclusion is found in a number of decisions of this Court construing similar statutes relating to cities of the fourth, fifth or sixth class. See Cole v. Ridings, 271 Ky. 158, 111 S.W.2d 605; Lyttle v. Wilson, 252 Ky. 392, 67 S.W.2d 498; Ratleff v. Tackett, 209 Ky. 588, 273 S.W. 441; Craft v. Davidson, 189 Ky. 378, 224 S.W. 1082. In those cases it was held that the city legislative body had exclusive jurisdiction to determine contests involving election of its members, except where the election of a majority or more of the members was in issue.

The appellant seeks to distinguish the foregoing cases on the ground that the statute relating to third-class cities differs from those for the other classes, in that it requires that there be an *ordinance* providing a method for hearing and determining the contest. The appellant asserts that no such ordinance has been enacted by the City of Danville, and therefore there is no "other provision made by law" for determining the contest so as to give effect to the exclusion clause of KRS 122.070. We think this contention is fully answered by the following quotation from Ratleff v. Tackett, 209 Ky. 588, 273 S.W. 441, at page 443:

"It is stated in one of the briefs filed for appellants that the city council * * * has never by ordinance provided for the hearing of contested election cases or any other method of procedure. Our examination of the record fails to disclose that it sheds any light on that subject. If that fact were made to appear in such a way that we could take cognizance of it, that does not seem to the court to be sufficient to confer jurisdiction upon the circuit court. Upon the filing of the contests before it—the only tribunal vested with authority to hear and determine them—the city council might then have enacted an ordinance prescribing the procedure for the hearing and determination of these contests."

Lyttle v. Wilson, 252 Ky. 392, 67 S.W.2d 498, which is relied upon by the appellant, is distinguishable. In that case a statute authorized the city council to provide by ordinance a method of contesting elections for city offices *other than that of city councilman.* In holding that in the absence of such an ordinance the circuit court had jurisdiction to try a contest suit, the opinion pointed out that the statute therein question required the city council by ordinance to specify not only *how,* but *by what tribunal* the contest should be tried, whereas the statutes relating to contests for the office of city councilman designate the council as the *tribunal* and merely require that the *method* of trial be prescribed by ordinance. The opinion in the Lyttle case refers to the Ratleff case, and upholds it as concerns contests for the office of city councilman.

A further contention of the appellant is that KRS 85.070 is unconstitutional, in that it purports to vest judicial power in a legislative body. Reliance is had upon Pratt v. Breckinridge, 112 Ky. 1, 65 S.W. 136, 66 S.W. 405, in which case the court held unconstitutional a legislative act that gave to a board of election commissioners the power to try and determine election contests. The Pratt case did not involve a contest for a legislative office, but it is contended that the case stands for the proposition that all election contests involve an exercise of judicial power.

All of the cases hereinbefore cited, in which the exclusive jurisdiction of a city legislative body to determine contests involving the election of its own members was upheld, were decided subsequent to the Pratt case. Although in none of these cases was the question of constitutionality specifically passed upon, there is an inherent finding of constitutionality in all of them. In the Lyttle case, the court expressed serious doubts as to the authority of the Pratt case, but found it unnecessary to overrule it. In Cole v. Ridings, 271 Ky. 158, 111 S.W.2d 605, at page 607, the court said that "courts have no inherent power to determine election contest cases."

Traditionally, in Kentucky, legislative bodies have been vested with the authority to determine the election of their members. This authority is given to the General Assembly by Section 38 of the present Constitution, and was given to that body by Section 18 of the first Constitution, of 1792. The Constitution of the United States, in Section 5 of Article I, prescribes that each house of Congress shall be the judge of the election of its members. With this background of tradition, it must be considered that the power to pass upon the election of members of legislative bodies has sufficient relation to legislative functions that the power cannot be said to belong exclusively to the judicial branch of government.

It is our opinion that the judgment of the circuit court is correct.

We are not unmindful of Conner v. Idol, Ky., 307 S.W.2d 913. However, in that case the question of jurisdiction was not raised or considered.

The judgment is affirmed.